UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                               :

JENNIFER SHARKEY,                  :     **DEFENDANTS' ANSWER AND**
                               :     **AFFIRMATIVE DEFENSES**
                Plaintiff,     :
                               :     10-cv-03824-(RWS)
     -vs.-                      :
                               :

J.P. MORGAN CHASE & CO., JOE KENNEY,  :
ADAM GREEN, and LESLIE LASSITER in their  :
official and individual capacities,     :
                               :
               Defendants.    :
---------------------------------------------------------------- X

Defendants J.P. Morgan Chase & Co., Joe Kenney, Adam Green and Leslie Lassiter (collectively "Defendants" or "JPMC"), by and through their undersigned counsel, for their Answer and Affirmative Defenses in response to plaintiff  Jennifer Sharkey's ("Plaintiff" or "Sharkey") Amended Complaint, aver as follows:

## NATURE OF THE ACTION

1.     Defendants deny the allegations in Paragraph 1 of the Amended Complaint, except admit that Plaintiff was terminated from her position at JPMC on August 5, 2009.

2.     Paragraph 2 of the Amended Complaint is a summary of Plaintiff's claim and does not require a response.

## JURISDICTION, VENUE AND PROCEDURAL PREREQUISITES

3.     Defendants deny the allegations in Paragraph 3 and aver that Plaintiff failed to exhaust her administrative remedies with respect to certain allegations in the Amended Complaint.

4.      Defendants deny the allegations in Paragraph 4 of the Amended Complaint but admit that venue would be appropriate in this District if the Court had jurisdiction.

5.      Defendants admit that Plaintiff filed a Complaint with OSHA on October 22, 2009 and further state that the Complaint speaks for itself.

6.      Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7.      Defendants admit the allegation in Paragraph 7 of the Amended Complaint that OSHA did not issue a final decision on Plaintiff's Administrative Complaint within 180 days, and deny that Plaintiff is entitled to seek *de novo* review of allegations that were not presented to OSHA.

8.      Defendants admit the allegations in Paragraph 8 of the Amended Complaint.

## PARTIES

9.      Defendants admit the allegations in Paragraph 9 of the Amended Complaint, but aver that Plaintiff's title changed from Private Banker to Private Wealth Manager.

10.     Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11.     Defendants admit the allegations in Paragraph 11 of the Amended Complaint.

12.     Defendants aver that Mr. Kenney became the Chief Executive Officer for JPMC's Private Wealth Management department in February 2008.

13.     Defendants aver that Mr. Green became the Northeast Regional Director for JPMC's Private Wealth Management department in August 2008.

14.     Defendants admit the allegations in the first sentence of Paragraph 14 of the Amended Complaint except aver that Ms. Lassiter became a Market Director for JPMC's Private Wealth Management department in March 2008.  Defendants deny the allegations contained in the second sentence of Paragraph 14.

15.     Defendants admit the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendants aver that Mr. Kenney had supervisory authority over Ms. Sharkey from February 2008 to August 2009, Mr. Green had supervisory authority over Ms. Sharkey from August 2008 to August 2009, and Ms. Lassiter had supervisory authority over Ms. Sharkey from March 2008 to August 2009.  The remaining allegations in Paragraph 16 of the Amended Complaint call for a legal conclusion and do not require a response.

17.     Defendants deny the allegations in Paragraph 17 of the Amended Complaint.

### PLAINTIFF'S PROTECTED ACTIVITY

18.     Defendants admit the allegations in the first sentence of Paragraph 18 of the Amended Complaint except (1) deny Plaintiff's characterization of JPMC's Client as a "Suspect Client", (2) deny that the client was a foreign client, and (3) lack knowledge or information sufficient to form a belief about Plaintiff's definition of "high-revenue producing."  Defendants deny the allegations in the second sentence of Paragraph 18 of the Amended Complaint.

19.     Defendants admit the allegations in Paragraph 19 of the Amended Complaint except deny that the job duties and responsibilities listed in Paragraph 19 of the Amended Complaint were Plaintiff's only duties and responsibilities.

20.     Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint calls for a legal conclusion and does not require a response.

24.     Paragraph 24 of the Amended Complaint calls for a legal conclusion and does not require a response.

25.      Defendants lack knowledge or information sufficient to form a belief about what "Ms. Sharkey came to learn" as alleged in Paragraph 25 of the Amended Complaint. Defendants deny the remaining allegations in Paragraph 25, including that an OCC audit took place in 2009 and that JPMC's compliance and risk management team informed Plaintiff of any of the allegations contained in subparagraphs (a) through (h) of Paragraph 25. Defendants further deny the allegations contained in subparagraphs (a) through (h) of Paragraph 25 of the Amended Complaint.

26.      Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27.      Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28.      Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 28 of the Amended Complaint.

29.      Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.      Defendants admit that JPMC's client purchased securities on margin and deny the remaining allegations in Paragraph 30 of the Amended Complaint.

31.      Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 31 of the Amended Complaint.

32.      Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 32 of the Amended Complaint.

33.      Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 33 of the Amended Complaint.

34.      Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 34 of the Amended Complaint.

35.      Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 35 of the Amended Complaint.

36.      Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37.      Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38.      Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

39.      Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40.      Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41.      Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42.      Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

43.      Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

44.      Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

45.      Defendants deny the allegations in Paragraph 45 of the Amended Complaint except admit that Plaintiff was terminated on August 5, 2009.

## DEFENDANTS' UNLAWFUL RETALIATION

46.      Defendants deny the allegations in Paragraph 46 of the Amended Complaint.

47.      Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48.      Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.      Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50.      Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.      Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52.      Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

## DEFENDANTS' UNLAWFUL TERMINATION OF MS. SHARKEY

53.     Defendants deny the allegations in Paragraph 53 of the Amended Complaint except admit that Mr. Grande met with Plaintiff on August 5, 2009.

54.     Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Amended Complaint except admit that Mr. Kenney and Mr. Green were aware of the decision to terminate Plaintiff.

56.     Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

## AND AS FOR A FIRST CAUSE OF ACTION
### (Sarbanes-Oxley Act Violation: All Defendants)

60.     Defendants respond in the manner set forth above to those paragraphs incorporated by reference in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

63.     The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

64.     The Court lacks subject matter jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

65.     Plaintiff's claims are barred in whole or in part by virtue of the fact that Plaintiff

would have been terminated regardless of the alleged protected activity.


Dated: New York, New York                                    ARNOLD & PORTER LLP
          September 16, 2011


                                         By:     /s/  Michael D. Schissel
                                                 Michael D. Schissel
                                                 michael.schissel@aporter.com
                                                 Lucy S. McMillan
                                                 lucy.mcmillan@aporter.com
                                                 399 Park Avenue
                                                 New York, New York 10022
                                                 Tel:  (212) 715-1000
                                                 Fax:  (212) 715-1390

                                                 *Attorneys for Defendants*