UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

JENNIFER SHARKEY,

                     Plaintiff,

  -vs.-

J.P. MORGAN CHASE & CO., JOE KENNEY,
ADAM GREEN, and LESLIE LASSITER in their
official and individual capacities,

                    Defendants.
------------------------------------------------------------- X

10-cv-03824-(RWS)

[SDNY DOCUMENT ELECTRONICALLY FILED stamp]
[RECEIVED NOV 17 2011 JUDGE SWEET CHAMBERS stamp]

## PROTECTIVE ORDER

     Plaintiff Jennifer Sharkey and Defendants J.P. Morgan Chase & Co., Joe Kenny, Adam Green and Leslie Lassiter (collectively, "Defendants" or "JPMC") hereby stipulate to and petition the Court to enter the following stipulated protective order ("Protective Order"):

     1.    The purpose of this Protective Order and agreement is to protect the privacy of the parties and of non-parties who may be requested or required to produce information in discovery, and the confidentiality of their legitimate business interests and other non-public competitively sensitive, proprietary, trade secret, or confidential business information, and to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

     2.    This Protective Order governs the handling of all documents (including electronic documents), testimony, and information produced, given, or filed herein by any party or person and designated or considered "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY CONFIDENTIAL" under this Protective Order.

3. Any party or nonparty may designate as "CONFIDENTIAL" any materials produced or information disclosed in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) if the material or information contains confidential or sensitive information relating to confidential or sensitive business matters, trade secrets, or other proprietary or financial information. Any party or nonparty may designate as "ATTORNEYS' EYES ONLY CONFIDENTIAL" any materials produced or information disclosed in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) if it contains highly confidential material that involves highly sensitive technical, business or research information, the disclosure of which might harm the business interests of the producing party or a third party, including documents and/or material containing the identity and/or information relating to a JPMC client. A party (including third parties) shall employ diligent efforts to designate copies of documents at the time they are copied or produced by stamping or marking the documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL. Each page of multi-page documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL shall be so marked. To the extent any document or information that is inspected is requested for production, the confidentiality of that document will be governed by the designation applied to it by the party or nonparty. All information contained in documents and materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL shall be deemed to be confidential and shall be handled in accordance with this order and agreement.

4. A party shall similarly employ diligent efforts to designate particular information as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL by identifying the

information so designated when disclosed, as in an interrogatory response or on the record in depositions.

    a.    In the case of interrogatory answers or written admissions: by stating in the answer or admission that the response or admission is CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL.

    b.    In the case of depositions or other pretrial testimony: (i) by a statement on the record by counsel for the producing party at the time of such disclosure; or (ii) by written notice, sent by counsel for the producing party to all counsel of record for the parties to this action within ten (10) business days after receipt of the transcript of the deposition. All transcripts, or portions thereof, so designated shall be considered CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material and shall be subject to this Protective Order until expiration of such ten (10) day period. The court reporter shall be instructed to mark each designated page as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL and the cover page of any transcript containing Confidential Material shall indicate that the transcript contains such confidential material.

5.    The designation of material or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL shall not constitute or be construed as a waiver or admission by any party that such material is relevant or material to any issue, is otherwise discoverable, or is, in fact, confidential or a trade secret.

6.    The inadvertent or unintentional failure to designate specific information or material as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL shall not be deemed a waiver in whole or in part of a producing party's claims of confidentiality as to such material. Upon prompt notice to the receiving party of such failure to designate, the receiving

party shall cooperate to restore the requested confidentiality of the inadvertently disclosed information (without prejudice to its right to later challenge the confidentiality of such information or document), including, if requested by the disclosing party, the return of originals and all copies of the documents or things containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material so that the producing party may designate them as containing such information.

7.      If information or documents subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the production of which should not be made to any party, is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which any producing party would otherwise be entitled. Upon the request of the producing party, any party that received inadvertently produced documents shall promptly return such documents to the producing party or certify that such documents and any and all copies made therefrom have been destroyed. Return of the document or information by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or information is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

8.      Material and information of another designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL shall be used only for the purposes of this action and any appeal therefrom, shall not be used for any other purpose, and shall not be disclosed to any third-person including the press or the public. All persons holding others'

4

CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material shall employ diligent efforts to carefully safeguard so as to preclude any unauthorized or unrelated use.

9. Should any person use or disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material or information other than in accordance with the provisions of this Protective Order, then such person or his/her/its counsel shall promptly notify the claimant of confidentiality of such use or disclosure and all facts relating thereto, retrieve all CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material improperly disclosed, and, in cooperation with claimant, take such other action as is reasonably necessary and available to minimize the scope and effects of unauthorized use or disclosure.

10. CONFIDENTIAL documents shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity or judicial tribunal other than:

   (a) This Court or a court with appellate jurisdiction;

   (b) Counsel retained in or working on this action, including co-counsel and counsel employed directly by any party;

   (c) Employees and agents of such counsel;

   (d) Witnesses or prospective witnesses and their counsel in this action;

   (e) Consultants and experts retained by a party or its counsel to assist in the prosecution, defense, or settlement of this action;

   (f) Any party in this action and its employees, to the extent deemed reasonably necessary by counsel for that party for the analysis, prosecution, defense, or settlement of this action;

   (g) commercial photocopying and document processing firms and graphics or design services used by the parties and their counsel in connection with this action; and

  (h) the parties' insurers, auditors and accountants, and the counsel for such entities, but only to the extent that any such persons are assisting in this litigation or otherwise have a legitimate business need for access to the material.

  11. ATTORNEYS' EYES ONLY CONFIDENTIAL documents shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity or judicial tribunal other than outside counsel for the parties, outside counsel for third-parties, and the individuals described in sub-paragraphs 10(a), 10(b), 10(e) and 10(g), except that ATTORNEYS' EYES ONLY CONFIDENTIAL documents may also be disclosed to Plaintiff Jennifer Sharkey provided that she, her attorneys and/or any person or entity acting on her behalf shall not disclose or cause to be disclosed to any third party (including the press and/or the public), the identity of and/or any information relating to any JPMC client or the substance or contents of any documents relating to a JPMC client.

  12. In addition to maintaining the confidentiality of documents marked CONFIDENTIAL or ATTORNEY'S EYES ONLY, the parties, including Plaintiff Jennifer Sharkey, her attorneys and/or any person or entity acting on her behalf shall not, so long as this Agreement remains in effect, disclose or cause to be disclosed to any third party (including the press and/or the public), the identity of and/or any information relating to any JPMC client referred to in the course of this matter, unless the party wishing to disclose such information makes an application to the Court, which may be done *ex parte* with the Court's permission, and the Court expressly grants the application. JPMC's client referred to as the "Suspect Client" in the Amended Complaint shall hereinafter be referred to as "Client A" (or, as appropriate, "Client A1," "Client A2," and so on) in all publicly filed papers. The parties further agree to redact any identifying information about any JPMC clients in all publicly filed papers.

13. Before any person other than this Court is given access to CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information or documents, the individual shall first read this Protective Order and execute the attached Undertaking or, as is appropriate under the circumstances, acknowledge on the record that he has read and agrees to be bound by the terms of the order and the jurisdiction of this Court for the sole purpose of enforcing same, or otherwise agree in writing to be bound by the terms of the Protective Order and to submit to the jurisdiction of this Court for the sole purpose of enforcing this Protective Order.

14. In applications and motions to the Court, all CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material filed with the Court shall be in a sealed envelope or container on which shall be affixed the title of this action, an indication of the nature of the contents, the words "CONFIDENTIAL-FILED UNDER SEAL" and a statement substantially as follows:

> **THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall indicate clearly which portions are CONFIDENTIAL and/or ATTORNEYS' EYES ONLY CONFIDENTIAL materials.

For the convenience of the parties, designating parties, and the Court, a party or designating party that files a paper that is a pleading, brief, declaration, or exhibit that contains, in excerpts, quotes, or paraphrases CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material and undesignated material may file the entire paper under seal, provided that a redacted copy of the paper is filed as well. Subject to the Court's approval, the Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition

testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this action that have been designated, in whole or in part, as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material by a party to this action.

The party or designating party responsible for filing the CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL materials shall be responsible for retrieving such CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL materials from the Court following the final termination of the action (including any appeals thereof), to the extent permitted by the Court and the Court's governing rules.

15. Nothing in this Protective Order shall prevent disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material by the producing party to any employee or officer of the producing party or to any person no longer affiliated with the producing party, who either authored, in whole or in part, or received the CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material prior to the initiation of this action.

16. To the extent the receiving party references the producing party's CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material or information but not the receiving party's protected information in briefs, motions, and/or correspondence, nothing herein will prohibit the producing party's employees and/or in-house counsel from reviewing those materials.

17. Nothing herein shall restrict the presentation of any evidence to the Court at trial or any other hearing in this action, provided that such presentation shall not constitute a waiver of any restriction contained in this Protective Order, and the parties shall take reasonable steps to maintain the confidentiality of confidential material at trial or any other hearing in this action in such manner as the Court may direct.

18. Should a party object to the designation of materials or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL, that party shall give written notice of such objection to the other party. Counsel shall then confer in an effort to resolve such objections. If no resolution is reached, the party objecting to such designation may apply to this Court under seal for a ruling whether the material in question should be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL under this Protective Order.

19. The terms of this Protective Order shall not terminate at the conclusion of this action. All CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL material disseminated pursuant to this Protective Order, and all copies made thereof, other than those filed with the Court, shall be returned to counsel for the producing party or nonparty within thirty (30) days following the conclusion of this action or, by agreement of counsel, may be destroyed or deleted in a manner that prevents undeletion. This obligation extends to all copies of confidential documents in a party's possession, custody, and control and in the possession, custody, and control of persons to whom that party has distributed copies of confidential documents. A holder of others' CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL information, to the extent not capable of being returned or destroyed in accordance with this agreement, shall be held in confidence by such holder in accordance with the terms of this Protective Order without limitation in duration, until such information becomes generally known to others through no fault or action of the holder.

20. This Protective Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Protective Order.

21. Notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds, or to move the Court to modify, revise or amend this Protective Order. The fact that a party entered into this Protective Order may not be raised as a defense to or argument against any such motion.

22. Nothing in this Protective Order shall be construed as requiring the production of privileged or otherwise protected documents or information.

23. The counsel endorsing this draft order below, for themselves, their firms, and on behalf of their respective clients, agree to be bound by this draft order as an agreement between them, and to exchange information and documents under the terms of this order in draft form until such time as it, or a modified version of it, is entered by the Court.

24. After final determination of this litigation, the provisions of this Protective Order shall continue to be binding, and the Court shall retain jurisdiction over the parties for enforcement of its provisions.

| ARNOLD & PORTER LLP | THOMPSON WIGDOR LLP |
|---|---|
| *[signature]* | *[signature]* |
| Michael D. Schissel | Douglas H. Wigdor, Esq. |
| Lucy S. McMillan | Basil C. Sitaras, Esq |
| 399 Park Avenue | 85 Fifth Avenue |
| New York, NY 10022 | New York, NY 10003 |
| Tel: (212) 715-1000 | Tel: (212) 257-6800 |
| Fax: (212) 715-1399 | Fax: (212) 257-6845 |
| Michael.Schissel@aporter.com | dwigdor@thompsonwigdor.com |
| Lucy.McMillan@aporter.com | bsitaras@thompsonwigdor.com |
| *Attorneys for Defendants.* | *Attorneys for Plaintiff* |

Dated: New York, New York
November 16, 2011

SO ORDERED:

_____*Sweet*_____
Hon. Robert W. Sweet
United States District Judge

11-17-11

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
JENNIFER SHARKEY, :
:
Plaintiff, :
: 10-cv-03824-(RWS)
-vs.- :
:
J.P. MORGAN CHASE & CO., JOE KENNEY, :
ADAM GREEN, and LESLIE LASSITER in their :
official and individual capacities, :
:
Defendants. :
------------------------------------------------------------------ X

## UNDERTAKING

The undersigned acknowledges that I have read the Protective Order in the above-captioned action, that I understand its terms, that I agree to be bound by its terms, that I consent to the jurisdiction of the Southern District of New York for all purposes related to the enforcement of the Protective Order and this Undertaking, and that I understand that a violation of the Protective Order may constitute contempt of Court.


Dated:_____        _____
                                 Signature