# ARNOLD & PORTER LLP

**Michael D. Schissel**
Michael.Schissel@aporter.com

+1 212.715.1157
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690



February 12, 2013



**VIA FACSIMILE (212) 805-7925**

The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:   <u>Jennifer Sharkey v. J.P. Morgan Chase & Co., et al., 10 Civ. 3824 (RWS)</u>

Dear Judge Sweet:

    This firm represents Defendants J.P. Morgan Chase & Co., Joe Kenney, Adam Green, and Leslie Lassiter (collectively, "JPMC") in the above-referenced Sarbanes-Oxley whistleblower case.

    This letter is respectfully submitted in response to one aspect of the letter sent to you today by Plaintiff's counsel, Lawrence Pearson, Esq., requesting an extension of the discovery deadline. JPMC does not oppose Plaintiff's request to extend fact discovery. Nor does JPMC oppose Plaintiff's request for time to exchange expert reports and to conduct expert discovery.

    JPMC does, however, object to Plaintiff's request that expert discovery be completed before summary judgment motions are filed, which request JPMC learned about for the first time when it received Mr. Pearson's letter today. Mr. Pearson's request purportedly is based on his contention that unspecified expert discovery "pertains to liability."

    However, it should be noted that the only remaining issues in this case are whether Plaintiff reasonably believed JPMC's Client A was engaged in illegal activity, whether Plaintiff in fact engaged in whistleblowing activity, and whether JPMC terminated Plaintiff for legitimate reasons having nothing to do with the alleged whistleblowing. Full fact discovery on these issues will be completed once the depositions of Client A and his relatives are taken in the next several weeks. Discovery has made clear, we believe, that this case is ripe for summary judgment and JPMC

*[Handwritten note:]* Deadlines are approved, motions can be made after close of fact discovery. So ordered. 2·27·13    *[signature]*

# ARNOLD & PORTER LLP

The Honorable Robert W. Sweet
February 12, 2013
Page 2

intends to file that motion as soon as practicable after fact discovery closes. It is difficult to imagine—and Plaintiff does not explain—how any expert discovery could impact a motion for summary judgment in this case. Furthermore, if Plaintiff wants to oppose summary judgment with an affidavit from her unidentified expert, then she is free to do so. Plaintiff's fourth request for an extension should not be used by Plaintiff as a vehicle to avoid adjudication of the merits of her claim.

For the foregoing reasons, JPMC respectfully requests that no limitation be placed on when JPMC may file a summary judgment motion.

I am available at Your Honor's convenience to address this matter further.

Respectfully submitted,

Michael D. Schissel

cc:   Lawrence M. Pearson, Esq. (*by email*)

02/12/2013 TUE 12:41 FAX ... Thompson Wigdor LLP ☒002/003
Case 1:10-cv-03824-RWS Document 54 Filed 03/04/13 Page 3 of 4
Case 1:10-cv-03824-RWS Document 52 Filed 02/13/13 Page 1 of 2



# Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

Lawrence M. Pearson
lpearson@thompsonwigdor.com

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.thompsonwigdor.com

RECEIVED
FEB 12 2013
JUDGE SWEET CHAMBERS

So ordered
Sweet
USDJ
2-12-13

February 12, 2013

**VIA FACSIMILE ((212) 805-7925)**

The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Jennifer Sharkey v. J.P. Morgan Chase & Co., et al.</u>, 10 Civ. 3824 (RWS)

Dear Judge Sweet:

We represent Plaintiff Jennifer Sharkey ("Plaintiff" or "Ms. Sharkey") in the above-referenced matter and write to update the Court on the status of discovery in this matter, as well as to respectfully request an extension of time to complete discovery. This is the fourth extension of discovery requested, and we do not anticipate a need for any further extensions. The third request was so ordered on November 27, 2012.

The current deadline to complete discovery is February 20, 2013. On October 19, 2012, after Plaintiff's deposition was taken, Defendants produced 89,915 pages of documents (followed by additional materials on November 15) as their post-Plaintiff's-deposition document production. After analyzing these documents and preparing for depositions, Plaintiff began taking depositions in early January. To date, Plaintiff has taken the depositions of the three named defendants, as well as three defense witnesses. Due to scheduling conflicts and travel, we were unable to schedule the depositions of three additional witnesses (Client A, his wife and son) until the end of February through mid-March.

In addition, following up on information obtained in several depositions, Plaintiff has requested additional documents. Many of these document requests have not yet been responded to and, to date, there are documents outstanding. Further, there are discovery disputes between the parties that need to be resolved concerning whether certain documents are relevant, and whether other documents are subject to the "bank examination privilege."

Although the parties have made substantial progress in moving discovery forward, these circumstances necessitate Plaintiff's request for an extension of the discovery deadline.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/13/13

02/12/2013 TUE 12:44 FAX 2122576845 Thompson Wigdor LLP
Case 1:10-cv-03824-RWS  Document 54  Filed 03/04/13  Page 4 of 4
Case 1:10-cv-03824-RWS  Document 52  Filed 02/13/13  Page 2 of 2
☒003/003

# Thompson Wigdor LLP ATTORNEYS AND COUNSELORS AT LAW

The Honorable Robert W. Sweet
February 12, 2013
Page 2

Defendants do not oppose to this request. Therefore, Plaintiff respectfully requests an extension of fact discovery to April 1, 2013.

In addition, Plaintiff requests an expert discovery period of 75 days post-fact discovery. Because Plaintiff's expert discovery pertains to liability, Plaintiff requests that the expert discovery period take place prior to any summary judgment filings. Therefore, Plaintiff respectfully requests that a deadline of June 14, 2013 for expert discovery.

Respectfully Submitted,

Lawrence M. Pearson

cc: Michael Schissel (via email)
Kathleen Reilly (via email)
Magistrate Judge Henry B. Pitman (via facsimile)