UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JENNIFER SHARKEY,

                 Plaintiff,                 10 Civ. 3824

   -against-                           <u>ORDER</u>

J.P. MORGAN CHASE & CO., JOE KENNEY,
ADAM GREEN, and LESLIE LASSITER in
their official and individual
capacities,

                 Defendants.

------------------------------------X

A P P E A R A N C E S:

       <u>Attorney for Plaintiff</u>

       THOMPSON WIGDOR & GILLY LLP
       85 Fifth Avenue
       New York, NY 10003
       By:  Lawrence M. Pearson, Esq.

       <u>Attorneys for Defendants</u>

       ARNOLD & PORTER LLP
       399 Park Avenue
       New York, NY 10022
       By:  Michael D. Schissel, Esq.

1

**Sweet**, D.J.,

Defendants J.P. Morgan Chase & Co. ("JPMC") and Joe Kenney ("Kenney"), Adam Green ("Green") and Leslie Lassiter ("Lassiter") (collectively, the "Defendants") have moved to preclude the testimony of Anne M. Marchetti ("Marchetti"), Plaintiff Jennifer Sharkey's ("Sharkey" or the "Plaintiff") expert witness.

For the reasons set forth below, Defendants' motion is granted in part and denied in part.

**Prior Proceedings**

On October 22, 2009, Sharkey filed a timely complaint with the Occupational Safety and Health Administration of the U.S. Department of Labor ("OSHA") alleging violations of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("Sarbanes-Oxley" or "SOX").  On or about April 12, 2010, OSHA issued its findings and preliminary order dismissing her complaint. Sharkey filed her complaint with this court on May 10, 2010, alleging the same claims under SOX.

2

The Defendants moved to dismiss the complaint. The Opinion and Order dated January 14, 2011 of this court (the "January 14 Order") held that Sharkey engaged in a protected activity under SOX when reporting with respect to a third party, the Suspect Client ("Client A"), but that the illegal activity reported was not adequately alleged in the original complaint. *Sharkey,* 2011 WL 135026, at *4-8. Plaintiff's state law breach of contract claim was dismissed with prejudice, and Sharkey was granted leave to replead her SOX claims. Sharkey filed her Amended Complaint ("AC") on February 14, 2011.

The AC alleges multiple occasions on which Plaintiff reported her concerns of fraudulent and illegal activity on the part of Client A to one or more of the Defendants. (AC ¶¶ 1, 17, 20, 26, 39, 40-41, 43-44.) The AC contains twelve paragraphs alleging that Sharkey believed Client A was violating one or more of the enumerated SOX statutes in addition to money laundering (AC ¶¶ 1, 17, 20, 26-27, 36-38, 43-44, 52, 57), and thirty paragraphs and subparagraphs outlining the factual basis that gave rise to that belief (AC ¶¶ 25.a-25.g, 27.a-27.q., 28-37).

On February 3, 2011, Defendants filed a motion to dismiss the AC.  On August 19, 2011, Defendants' motion to dismiss was denied.

Plaintiff's expert, Marchetti, served her report on May 20, 2013 and her deposition was taken on June 6, 2013.  On June 14, 2013, Defendants submitted a letter (the "June 14 Letter") moving to strike the testimony of Plaintiff's expert, Marchetti.  This letter was treated as a motion, and was heard and marked fully submitted on September 18, 2013.

**Applicable Standard**

A "district court should not admit testimony that is 'directed solely to law matters which a jury is capable of understanding and deciding without the expert's help.'"  *United States v.* Mulder, 273 F.3d 91, 101 (2d Cir. 2001); *see also United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999) (holding that expert testimony must not "usurp . . . the role of the jury in applying [the] law to the facts before it.").  "An expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461,

4

469 (S.D.N.Y. 2005).  "Simply rehashing evidence about which an

expert has no personal knowledge is impermissibale under Rule

702."  *Ridge Clearing & Outsourcing Solutions, Inc. v.*

*Khashoggi*, 2011 WL 3586468, at *2 (S.D.N.Y. Aug. 12, 2011).

Expert testimony is also inadmissible if it "undertakes to tell

the jury what result to reach," thereby "attempt[ing] to

substitute the expert's judgment for the jury's."  *United States*

*v.* Duncan, 42 F.3d 97, 101 (2d Cir. 1994).


**Defendant's Motion to Strike Expert Marchetti is Granted in Part**
**and Denied in Part**

          Defendants have asserted that Marchetti's testimony

concerns lay matters of which she has no personal knowledge, and

inappropriately usurps the role of the jury.


          Marchetti is proffered by Plaintiff as an expert with

"scientific, technical or other specialized knowledge" to help

the trier of fact.  Fed. R. Ev. 702; *see Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (stating standard for

admissibility of expert testimony).  Specifically, Marchetti

testified as to her knowledge of SOX compliance and trainings as

well as customer identification programs, which are utilized to

seek out any instances of fraudulent behavior.  (Marchetti

5

Deposition, "Marchetti Dep."; at 38-48; 99-100.)  Her resume
includes vast experience in this area relating from prior
positions, publications and teaching involving SOX and other
areas of financial compliance.  (June 14 Letter, Exhibit A.)

Defendants' concern with Marchetti arises from her
testimony as to the following: that (1) the "evidence supports
[Plaintiff's] recommendation to terminate [Client A]" (Exhibit A
at 1-3); (2) Plaintiff's recommendation to terminate Client A
was "reasonable" (Exhibit A at 2-3); (3) Plaintiff had a
"reasonable belief" that Client A was engaged in money
laundering and violating the statutes enumerated in SOX (Exhibit
A at 2); (4) "there is sufficient, competent evidential matter
to support the belief that [Client A] should be terminated
because there was evidence that there was potential for fraud,
money laundering, [and] security [laws] violations" (Marchetti
Dep. at 74.); and (5) Marchetti "reviewed the JPMorgan [Know
Your Client ("KYC") and anti-money laundering] processes, [that
she] looked at evidence that [those processes were] followed,
and there was evidence to support a recommendation of
termination."  (Marchetti Dep. at 61.)

6

Defendants contend that this testimony inappropriately "evaluates and provides an assessment of the documentary and factual evidence related to the case," of which Marchetti has no personal knowledge, as well as opines on lay matters that require no expert testimony, such as whether Plaintiff followed JPMC's KYC and anti-money laundering processes. *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) ("An expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence."); *see also United States v.* Mulder, 273 F.3d 91, 101 (2d Cir. 2001) (a "district court should not admit testimony that is 'directed solely to law matters which a jury is capable of understanding and deciding without the expert's help.'"). Further, the claim at issue turns on whether Plaintiff had a "reasonable belief" that Client A was engaged in illegal activity. *See Vodopia v. Koninklijke Phillips Electronics, N.V.*, 398 Fed. Appx. 659, 662-63 (2d Cir. 2010). Marchetti's testimony as to that fact, according to Defendants, improperly usurps the role of the jury by "telling the jury what result to reach." *United States*, 42 F.3d at 101 (holding that expert testimony is also inadmissible if it "undertakes to tell the jury what result to reach," thereby "attempt[ing] to substitute the expert's judgment for the

7

jury's."). Finally, Defendants maintain that even if these
opinions were admissible, Marchetti is unqualified as an expert.
*See* Fed. R. Ev. 702. By her own admission, Marchetti has no
experience or expertise as to the following: (1) a bank's
decision to terminate a client; (2) a bank's KYC process; and
(3) money laundering or securities fraud matters. (Marchetti
Dep. at 52-55.)

Defendants are correct that Marchetti may not testify
as to whether (1) Plaintiff had a "reasonable belief" that
Client A was engaging in money laundering and violating the
statutes enumerated in SOX or (2) whether Plaintiff's
recommendation to terminate Client A was "reasonable." Nor may
Marchetti merely bolster Plaintiff's testimony as to the
internal processes of JPMC of which she has no personal
knowledge. All testimony as to these issues, including any
opinion as to whether the evidence in this case reasonably
supported a termination of Client A's relationship with JPMC, is
excluded.

However, Plaintiff has sufficiently established
Marchetti's expertise as an accountant and with respect to SOX
compliance programs. (Marchetti Dep. at 38-48; 99-100; 124-

8

128.)  Marchetti is thus qualified and able to testify as to the

type of transactions which might be subject to concern as an

accountant, and those matters which she believes, and why, are

worthy of SOX consideration (or so called "red flags").

Specifically, Marchetti testified as to what conduct included

"red flags" of possible fraud and/or money laundering in the

financial industry, including: (1) a client's unwillingness to

provide new information or documentation after repeated

requests, (as the file lacked financial statements and included

articles of incorporation that were decades old); (2) the fact

that a client was operating in several high-risk industries; (3)

suspicious fund transfer activity, including trading in an

escrow account; (4) the large number of open accounts; and (5) a

client's refusal to close any accounts, including those with a

zero balance.  (Marchetti Dep. at 75-76; 89; 97; 142-43.)

Marchetti further explained exactly why these various types of

conduct would be considered "red flags" within the industry, and

the types of fraudulent activity they suggested.  (Marchetti

Dep. at 78-80; 85; 87; 97-100; 111-12; 128-135.)  This type of

information and testimony is not accessible to a lay person and

is admissible as expert testimony.  Thus, to the extent

Marchetti's testimony centers on what activities constitute "red

flags" that might lead to suspecting or terminating a client under SOX, and why, her testimony is admissible.

**Conclusion**

For the reasons set forth above, Defendants' motion to strike Marchetti is granted in part and denied in part.

Specifically, Marchetti is permitted to testify as to those matters and transactions which, as an accountant, might trigger concern under SOX (so called "red flags"), and why. Marchetti is precluded from testifying as to whether Plaintiff's belief in suspecting Client A and recommending termination was "reasonable," or further bolstering Plaintiff's testimony as to internal matters of which Marchetti has no personal knowledge.

It is so ordered.

New York, NY
~~September~~ October 9, 2013

ROBERT W. SWEET
U.S.D.J.

10