N.Y.S.D. Case #
10-cv-3824(RWS)

15-3400-cv
Sharkey v. JPMorgan Chase & Co.

**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1   At a stated term of the United States Court of Appeals for the Second Circuit, held at
2   the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New
3   York, on the 12th day of September, two thousand sixteen.
4
5   PRESENT: REENA RAGGI,
6                    DENNY CHIN,
7                    CHRISTOPHER F. DRONEY,
8                            *Circuit Judges.*
9   -----------------------------------------------------------------
10  JENNIFER SHARKEY,
11                            *Plaintiff-Appellant*,
12
13           v.                                                    No. 15-3400-cv
14
15  JPMORGAN CHASE & CO., JOE KENNEY, in his
16  individual and official capacities, ADAM GREEN, in his
17  individual and official capacities, LESLIE LASSITER, in
18  her individual and official capacities,
19                            *Defendants-Appellees*.
20  -----------------------------------------------------------------
21  APPEARING FOR APPELLANT:    LAWRENCE M. PEARSON (Douglas H.
22                                                      Wigdor, Michael J. Willemin, *on the brief*),
23                                                      Wigdor LLP, New York, New York.
24
25  APPEARING FOR APPELLEES:    MICHAEL D. SCHISSEL, Arnold & Porter
26                                                      LLP, New York, New York.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 12, 2016

1

MANDATE ISSUED ON 10/12/2016

1    Appeal from judgment of the United States District Court for the Southern District

2    of New York (Robert W. Sweet, *Judge*).

3    UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

4    AND DECREED that the judgment entered on October 9, 2015, is VACATED and the

5    case is REMANDED for further proceedings.

6    Plaintiff Jennifer Sharkey appeals from an award of summary judgment in favor of

7    defendants J.P. Morgan Chase & Co., Joe Kenney, Adam Green, and Leslie Lassiter on

8    Sharkey's claim of retaliatory discharge for protected whistleblowing activity in violation

9    of Section 806 of the Sarbanes-Oxley Act.  See Pub. L. No. 107–204, § 806(a), 116 Stat.

10   745, 802–04 (2002) (codified at 18 U.S.C. § 1514A).  We review an award of summary

11   judgment de novo and will affirm only if the record, viewed in favor of the nonmoving

12   party, shows no genuine issues of material fact and the moving party's entitlement to

13   judgment as a matter of law.  See Jackson v. Fed. Express, 766 F.3d 189, 193−94 (2d Cir.

14   2014).  We assume the parties' familiarity with the facts and record of prior proceedings,

15   which we reference only as necessary to explain our decision to vacate and remand.

16   1.   Contributing Factor

18   Sharkey argues that disputed issues of material fact preclude an award of summary

19   judgment on her Section 806 claim.  See Bechtel v. Admin. Review Bd., 710 F.3d 443,

20   447 (2d Cir. 2013) (observing that employee must make preponderance showing that

21   "(1) she engaged in protected activity; (2) [her] employer knew that she engaged in the

2

protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action"). We agree.

Viewed most favorably to Sharkey, the record shows that she was terminated approximately one week after making her formal recommendation that J.P. Morgan Chase end its relationship with a client about whom she had communicated concerns of possible illegal activity for some months. Such temporal proximity between protected activity and unfavorable personnel action can support a prima facie inference that the protected activity was a contributing factor to the termination. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013) (concluding that three-week period from protected activity to termination was "sufficiently short to make a prima facie showing of causation indirectly through temporal proximity").

The district court acknowledged that "temporal proximity" was Sharkey's strongest argument for the contributing factor, but concluded that her purported lie to a superior about communicating with a different client convincingly demonstrated a legitimate intervening basis for her discharge. See Fraser v. Fiduciary Tr. Co. Int'l, No. 04 Civ. 6958 (PAC), 2009 WL 2601389, at *6 (S.D.N.Y. Aug. 25, 2009) (noting temporal proximity inference may be undermined by "legitimate intervening basis" for adverse action (quoting Tice v. Bristol-Myers Squibb Co., 2006–SOX–20, 2006 WL 3246825, at *20 (Dep't of Labor Apr. 26, 2006))), aff'd, 396 F. App'x 734 (2d Cir. 2010). Assuming without deciding that a legitimate intervening basis can defeat an inference of causation from temporal proximity, it could not do so as a matter of law here because Sharkey disputes

3

lying to her supervisor about the client communication, pointing to her own contrary deposition testimony. Indeed, the district court acknowledged that whether Sharkey actually lied to Lassiter was an issue that remained "factually disputed between the parties." See Sharkey v. J.P. Morgan Chase & Co., No. 10 Civ. 3284 (RWS), 2015 WL 5920019, at *14 n.2 (S.D.N.Y. Oct. 9, 2015). Resolution of that question could, in turn, inform a determination of whether defendants reasonably believed that Sharkey had lied. Neither party has adduced evidence from the client manager with whom Sharkey did or did not speak. On such a record of conflicting accounts by interested parties, we must assume that the factfinder will assess credibility and draw inferences in favor of Sharkey. See Simpson v. City of New York, 793 F.3d 259, 265 (2d Cir. 2015).

Sharkey argues that defendants' "shifting rationales" for her termination also weigh in her favor on the contributing factor element. Appellant's Br. 36. We need not here decide whether the discrepancies would be enough, by themselves, to defeat summary judgment. We conclude only that such evidence together with the close temporal proximity already discussed gives rise to a triable issue of fact on the contributing factor element. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d at 847 (concluding that "inconsistent explanations" for termination and "very close temporal proximity" between protected conduct and termination "are sufficient to create a triable issue of fact"). Accordingly, the district court's summary judgment award must be vacated.

2.  <u>Reasonable Belief of Illegality</u>

Defendants argue that summary judgment can be affirmed on the alternative ground that Sharkey failed to demonstrate a "reasonable belief" that the client was violating federal law. See <u>Nielsen v. AECOM Tech. Corp.</u>, 762 F.3d 214, 221 (2d Cir. 2014) (observing that plaintiff in Section 806 action must demonstrate "reasonable belief"); <u>Sudler v. City of New York</u>, 689 F.3d 159, 168 (2d Cir. 2012) ("We may affirm on any ground supported by the record."). Like the district court, we conclude that when the record evidence is viewed most favorably to Sharkey, it permits a factfinder to conclude that she had the requisite objective and subjective belief. See <u>Nielsen v. AECOM Tech. Corp.</u>, 762 F.3d at 221 ("A reasonable belief contains both subjective and objective components."). This included evidence that the client (1) was trading in a third-party account, with no documented authority to do so; (2) was not forthcoming with information on various matters relating to his businesses; and (3) maintained numerous accounts through some of which he engaged in unusual transfers, while others were almost empty. J.P. Morgan's training materials, which Sharkey received as a new employee, identified a number of these activities as money laundering "red flags." Sharkey also adduced evidence that the client failed to comply with federally mandated due diligence protocols. To be sure, defendants point to evidence indicating that Sharkey's concerns subsequently proved unfounded and that she may have failed to take reasonable steps to investigate her concerns. But this gives rise to disputes of fact. It does not compel a conclusion that, as a matter of law, Sharkey could not have held a reasonable belief of illegal client activity.

3. <u>Conclusion</u>

Accordingly, we hereby VACATE the award of summary judgment to defendants and REMAND the case for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit