UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENNIFER SHARKEY,

        Plaintiff,

        v.

J.P. MORGAN CHASE & CO., JOE KENNEY, ADAM GREEN, and LESLIE LASSITER, in their official and individual capacities,

        Defendants.

Civil Action No. 10-civ-3824 (RWS)

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE AN AMENDED PLEADING**

**ARNOLD & PORTER LLP**

Michael D. Schissel
Kathleen A. Reilly
399 Park Avenue
New York, NY  10022-4690
Telephone: +1 212.715.1000
Fax: +1 212.715.1399

*Attorneys for Defendants J.P. Morgan Chase & Co., Joe Kenney, Adam Green, and Leslie Lassiter*

Defendants J.P. Morgan Chase & Co. ("JPMC"), Joe Kenney, Adam Green, and Leslie Lassiter (collectively with JPMC, the "Defendants") respectfully submit this Memorandum of Law in Support of Their Motion For Leave to Amend their Answer to Plaintiff Jennifer Sharkey's Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

## PRELIMINARY STATEMENT

Defendants seek leave to file an Amended Answer asserting as an affirmative defense that Plaintiff failed to mitigate her damages, an issue on which the parties conducted both document and deposition discovery. In short, Defendants seek, as a housekeeping matter, to conform their Answer to the factual record adduced in discovery in advance of the January 23, 2017 trial. A copy of the proposed Amended Answer is attached as Exhibit A to the Declaration of Michael D. Schissel, dated November 22, 2016 ("Schissel Decl.").

## FACTS

After Defendants filed their Answer, the parties conducted full discovery, including discovery on the damages Plaintiff will seek at trial, and whether Plaintiff discharged her obligation to mitigate her alleged damages. That discovery made clear that Plaintiff failed to mitigate, and Defendants intend to assert that defense at trial.

JPMC terminated Plaintiff's employment on August 5, 2009. After the Occupational Safety and Health Administration of the Department of Labor dismissed her complaint on April 12, 2010, Plaintiff filed an action in this Court. On February 14, 2011, Plaintiff filed her Amended Complaint ("Complaint"), alleging a single cause of action claiming that Defendants terminated her in violation of the Sarbanes-Oxley whistleblower provision. Dkt. 20. On September 16, 2011, after the Court denied Defendants' motion to dismiss the Complaint,

Defendants filed an Answer. Dkt. 36 ("Answer"). At that point, the parties had not yet conducted any discovery on the issue of mitigation of damages.

On the same day they filed their Answer, Defendants served their First Set of Document Requests ("Document Requests") and First Set of Interrogatories ("Interrogatories"). Schissel Decl., Exs. B & C. These requests specifically asked for documents and information regarding Plaintiff's efforts to mitigate her alleged damages:

> **Document Request 9:** "All Documents and Communications relating to [Plaintiff's] efforts to obtain employment since August 2009." Schissel Decl., Ex. B at ¶ 9.
>
> **Document Request 10:** "All Documents and Communications relating to [Plaintiff's] employment, if any, since August 2009." *Id.* at ¶ 10.
>
> **Document Request 11:** "All of [Plaintiff's] W-2 and 1099 forms from 2009 to present." *Id.* at ¶ 11.
>
> **Document Request 12:** "All versions of [Plaintiff's] resume from October 2006 to present." *Id.* at ¶ 12.
>
> **Document Request 17:** "All Documents and Communications concerning the Damages [Plaintiff is] seeking." *Id.* at ¶ 17.
>
> **Interrogatory 3:** "Identify by name, address and telephone number all employers for whom you have worked from August 5, 2009 to the present." Schissel Decl., Ex. C at ¶ 3.
>
> **Interrogatory 12:** "Identify and state the damages you are seeking in this Action and how you calculated such damages." *Id.* at ¶ 12.

In response to these requests, Plaintiff produced, among other things, documents and information regarding her purported search for new employment, including various emails and handwritten notes regarding her job search. *See, e.g.*, Schissel Decl., Ex. D (Plaintiff's Responses and Objections to the Document Requests); Schissel Decl., Ex. E (Plaintiff's Responses and Objections to the Interrogatories); Schissel Decl., Ex. F (Defendants' Ex. 13) at JS 0290 - JS 0296, JS 0298; Schissel Decl., Ex. G (Defendants' Ex. 20); Schissel Decl., Ex. H

2

(Defendants' Ex. 21).  At her deposition on October 16, 2012, Plaintiff was questioned extensively about her efforts to find new employment after JPMC terminated her and about any jobs she held after her employment with JPMC.  *See, e.g.*, Schissel Decl., Ex. I ("Sharkey Tr.") at 250:9-274:25, 279:19-284:7.  Approximately 29 pages of the transcript of Plaintiff's deposition concern her search for new employment and other mitigation of damages issues.  The discovery made clear that Plaintiff spent very little time trying to find a new job and did so for only a few months, and that she has not held a paying job since she was terminated.  Sharkey Tr. at 274:18-274:21.

This case is set to begin trial on January 23, 2017.

## ARGUMENT

Prior to trial, a party may amend its pleading by leave of court, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a) sets no time period during which a party may seek leave to amend a pleading.  "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."  *Gurniak v. Emilsen*, 995 F.Supp.2d 262, 267 (S.D.N.Y. 2014) (quotations and citations omitted); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *State Teachers Ret. Bd. v. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party.").  "Thus, if the underlying facts and circumstances upon which the moving party relies support the claim or defense sought to be added, the party should generally be

3

allowed to test that claim or defense on the merits." *Gurniak*, 995 F.Supp.2d at 267 (citations omitted).

On the facts presented here, if the Court grants Defendants leave to amend the Answer, there would be no prejudice to Plaintiff. *See E.E.O.C. v. Nichols Gas & Oil, Inc.*, 518 F.Supp.2d 505, 508 (W.D.N.Y. 2007) (quoting *Block*, 988 F.2d at 350, that "when evaluating prejudice, a court must consider 'whether the assertion of the new claim would:  (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'").  The amendment would not require Plaintiff to expend additional resources or delay the trial since the mitigation issue was examined fully in discovery. *See Krackow v. Dr. Jack Kern Profit Sharing Plan*, No. 00CV2550, 2002 WL 31409362, *5 (E.D.N.Y. May 29, 2002) (granting amendment because there was no surprise given discovery materials); *Eassa v. Hartford Fire Ins. Co.*, No. 90-cv-321, 1991 WL 255111, *9 (W.D.N.Y. Nov. 29, 1991) (permitting amendment of answer pursuant to Rule 15(a) to include failure to mitigate damages defense following trial because, among other things, "plaintiff was made aware of the mitigation of damages issue . . . when he was repeatedly questioned during his deposition on the issue").

As explained above, throughout discovery Plaintiff has responded to the interrogatories and document requests propounded by Defendants, and answered numerous questions at her deposition, on what steps she took to mitigate her damages. *See* Schissel Decl., Exs. D, E, F, G, H, & I.  Accordingly, Plaintiff has been fully on notice that mitigation of damages is a matter at issue and, in fact, Plaintiff produced discovery on that very issue. *See State Teachers Ret. Bd.*, 654 F.2d at 856 ("This is not a case where the amendment came on the eve of trial and would

result in new problems of proof. . . . [T]he amendment will not involve a great deal of additional discovery.")  Amending the Answer would simply conform the pleadings and defenses asserted to the evidence adduced during this proceeding, and therefore leave to amend should be freely granted.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant their motion for leave to amend their answer.

Dated:	New York, New York
	November 22, 2016

                                  ARNOLD & PORTER LLP

                                  By:	/s/ Michael D. Schissel
                                        Michael D. Schissel
                                        Kathleen A. Reilly
                                        399 Park Avenue
                                        New York, NY  10022-4690
                                        Telephone: +1 212.715.1000
                                        Fax: +1 212.715.1399

                                        *Attorneys for Defendants J.P. Morgan Chase & Co., Joe Kenney, Adam Green, and Leslie Lassiter*

**AFFIRMATION OF SERVICE**

I, Kathleen A. Reilly, the undersigned attorney at law duly admitted to practice in the State of New York, respectfully show that on the 22nd day of November, 2016, I caused a copy of the annexed **NOTICE OF MOTION**, **DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED PLEADING** and **DECLARATION OF MICHAEL D. SCHISSEL IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED PLEADING** to be served by ECF and email upon:

Douglas H. Wigdor
Lawrence M. Pearson
WIGDOR LLP
85 Fifth Avenue
Fifth Floor
New York, NY 10003
(212) 257-6800

/s/ Kathleen A. Reilly
Kathleen A. Reilly