# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

November 29, 2016

**VIA ECF**

The Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007

    Re:    <u>Jennifer Sharkey v. J.P. Morgan Chase & Co., et al., No. 10 Civ. 3824 (RWS)</u>

Dear Judge Sweet:

As Your Honor knows, we represent Plaintiff Jennifer Sharkey in the above referenced matter. Yesterday afternoon, Your Honor scheduled an oral argument on Defendants' motion to amend their answer for December 8, 2016. However, Ms. Sharkey's opposition to that motion, which was filed on November 23, 2016, would not be due until December 9, 2016. Local Rule 6.1 provides a 14-day deadline for the filing of opposition papers for non-discovery motions. Local Rule 6.1 also specifically incorporates FRCP 6, which (through reference to FRCP 4) provides for three additional days to oppose any application not served by personal service (including papers served by ECF). <u>See</u> FRCP 6(d); FRCP 4(b)(2)(E), 4(b)(3); <u>see also</u> <u>Sodhi v. Mercedes Benz Fin. Servs., USA, LLC</u>, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013) ("Local Rule 6.1(b) states: 'On all civil motions, petitions, and applications, other than those described in Rule 6.1(a), and other than petitions for writs of habeas corpus, . . . (2) any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers. Fed.R.Civ.P. 6 further provides that "[w]hen a party may or must act within a specified time after service . . . 3 days are added after the period would otherwise expire under Rule 6(a).'").

As currently scheduled, the oral argument on Defendants' motion to amend would occur before the submission of Plaintiff's opposition. Therefore, we respectfully request that the Court reschedule the oral argument to a date after the submission of Plaintiff's opposition papers. We have conferred with counsel for Defendants, who do not consent to this request. Defendants' counsel suggested that, instead of rescheduling the conference, Plaintiff should simply submit her opposition early. There is no basis for Defendants' position, and Plaintiff should not be subjected to a shortened briefing schedule merely because Defendants will not extend an ordinary common courtesy by consenting to this request. That is particularly true here, where the underlying motion is Defendants' application, and not Plaintiff's, and where Plaintiff does not seek an extension of the time permitted under the Local Rules. We had no control over the timing of Defendants'

# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Judge Robert W. Sweet
November 29, 2016
Page 2

application or the deadline to oppose, and there is no justification for Defendants' apparent belief that Plaintiff should be prejudiced.

Despite Defendants' position, Defendants' counsel indicated that he would make himself available for a conference on December 15, 2016 if the Court does reschedule the conference to that date.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Douglas H. Wigdor

cc:     Michael D. Schissel, Esq. (*via* ECF)
        Kathleen A. Reilly, Esq. (*via* ECF)