UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JENNIFER SHARKEY,

                Plaintiff,                 10 Civ. 3824

   -against-                            OPINION

J.P. MORGAN CHASE & CO., JOE KENNEY,
ADAM GREEN, and LESLIE LASSITER, in
their official and individual
capacities,

                Defendants.

------------------------------------------X

A P P E A R A N C E S:

      Attorneys for Plaintiff

      WIGDOR LLP
      85 Fifth Avenue
      New York, NY 10003
      By:  Douglas H. Wigdor, Esq.
           Lawrence M. Pearson, Esq.
           Michael J. Willemin, Esq.

      Attorneys for Defendants

      ARNOLD & PORTER LLP
      399 Park Avenue
      New York, NY 10022-4690
      By:  Michael D. Schissel, Esq.
           Kathleen A. Reilly

**Sweet, D.J.**

Defendants J.P. Morgan Case & Co. ("JPMC"), Joe Kenney ("Kenney"), Adam Green ("Green") and Leslie Lassiter ("Lassiter") (collectively, the "Defendants") have moved for leave to file an amended pleading to add the affirmative defense of mitigation of damages to their answer.  Upon the findings and conclusions set forth below, the Defendants' motion is granted.

## Prior Proceedings

On October 22, 2009, Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA") of the U.S. Department of Labor.  On April 12, 2010, OSHA dismissed the complaint.  On May 10, 2010, Plaintiff filed her Complaint in this Court alleging breach of contract and violations of the SOX anti-retaliation statute.  (Dkt. No. 1.)  On February 14, 2011, Plaintiff filed the First Amended Complaint ("FAC"), which states a single claim under SOX. (Dkt. No. 20.)  On September 16, 2011, after the Court denied Defendants' motion to dismiss, Defendants filed an answer.

1

The Defendants filed the instant motion for leave to file an amended pleading on November 22, 2016.  The motion was taken on submission and marked fully submitted on December 15, 2016. The action is set for trial on January 23, 2017.

**The Facts**

Defendants filed their answer on September 16, 2011.  This answer did not include the affirmative defense that Plaintiff failed to mitigate her damages.

The Court entered a scheduling order on February 15, 2013 directing the parties to file all motions, other than motions *in limine*, by June 14, 2013.  (Dkt. No. 53.)  The instant motion to amend the pleading was filed over three years after this deadline.

**The Motion for Leave to Amend the Answer is Granted**

Defendants failed to plead the affirmative defense of mitigation of damages in their answer.  The parties do not dispute that, "Failure to mitigate damages is an affirmative

2

defense and therefore must be pleaded. The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver." *Travellers Intern., A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994).

The issue here is whether the instant motion is a motion to seek leave to file an amended pleading under Federal Rule of Civil Procedure 15(a)(2) or a motion to modify the Court's February 15, 2013 scheduling order, governed by Rule 16(b)(4), to extend the date for all motions except motions *in limine* beyond the June 14, 2013 deadline.  The difference between the standards is that under Rule 15(a)(2) the Court "should freely give leave [to amend a pleading] when justice so requires" whereas Rule 16(b)(4) requires "good cause" to amend a scheduling order.  Further, in this case the scheduling order stated that after the deadline "no motion will be entertained without a showing of special circumstances."  (Dkt. No. 53.)

These standards are in tension with one another. Defendants bring this motion under Rule 15 and not Rule 16. They cite non-binding examples of other scheduling orders that

3

enumerate the deadline to amend the pleadings.  The Court here did not set such a deadline.

While this is a motion covered under the broad February 15, 2013 scheduling order, the Court finds that the more lenient standard of Rule 15(a)(2) applies in this case.  The Federal Rules intended to allow district courts to "freely" grant applications for leave to amend pleadings.  The interests of justice require allowing Defendants to plead this defense. Defendants have already taken discovery on this defense. Plaintiff argues that she would have engaged an expert on the issue of mitigation if this defense had been pled before the June 2013 deadline.  Plaintiff will be allowed to present such an expert if the expert submits a report in advance of trial.

## Conclusion

Based on the findings and conclusions set forth above, the motion for leave to amend Defendants' answer is granted.

It is so ordered.

New York, NY
December 73 , 2016

_____
ROBERT W. SWEET
U.S.D.J.