UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JENNIFER SHARKEY,

        Plaintiff,

        v.

J.P. MORGAN CHASE & CO., JOE KENNEY, ADAM GREEN, and LESLIE LASSITER, in their official and individual capacities,

        Defendants.

Civil Action No. 10-cv-3824 (RWS)

---

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTIONS *IN LIMINE* NUMBERS 1-4
SEEKING TO PRECLUDE UNDISCLOSED DAMAGES INFORMATION**

**ARNOLD & PORTER
KAYE SCHOLER LLP**

Michael D. Schissel
Kathleen A. Reilly
399 Park Avenue
New York, NY  10022-4690
Telephone: +1 212.715.1000
Fax: +1 212.715.1399

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT REGARDING MOTIONS *IN LIMINE* NOS. 1-4 ..................... 1

FACTS ........................................................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

I. MOTION *IN LIMINE* NO. 1:  LIMITING EVIDENCE OF BACK PAY AND PRECLUDING EVIDENCE OF FRONT PAY ................................................................. 4

   A. Plaintiff Is Precluded from Offering Any Evidence Regarding Her Entitlement to Back Pay After She Dropped Out of the Workforce ...................................................... 4

   B. Plaintiff Should Be Precluded from Offering Any Evidence of Back Pay After August 2012 or Any Evidence of Front Pay Under Rule 37 Because She Failed to Comply with Her Rule 26(a) Obligations ................................................................ 6

II. MOTION *IN LIMINE* NO. 2:  PRECLUDING EVIDENCE REGARDING BONUSES, BENEFITS, AND SALARY INCREASES ........................................................ 8

III. MOTION *IN LIMINE* NO. 3:  THE COURT SHOULD DETERMINE THE AMOUNT OF ANY BACK PAY OR OTHER EQUITABLE RELIEF ........................................................ 9

IV. MOTION *IN LIMINE* NO. 4:  PRECLUDING EVIDENCE OF REPUTATIONAL DAMAGE, HARM TO CAREER, AND EMOTIONAL DISTRESS ................................. 10

   A. Plaintiff May Not Recover Non-Economic Damages Under SOX ................................. 10

   B. Plaintiff Has Produced No Evidence to Support Non-Economic Damages ..................... 11

CONCLUSION ........................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Agence France Presse v. Morel*,
   293 F.R.D. 682 (S.D.N.Y. 2013) ....................................................................................... 7

*Austrian Airlines Oesterreichische Lufverkehrs Ag v. UT Finance Corp.*,
   No. 04 Civ. 3854, 2005 WL 977850 (S.D.N.Y. Apr. 28, 2005) ..................................... 8, 9

*Broadnax v. City of New Haven*,
   415 F.3d 265 (2d Cir. 2005) .............................................................................................. 9

*Curcio v. Roosevelt Union Free School Dist.*,
   No. 10-cv-5612, 2012 WL 6641715 (E.D.N.Y. Dec. 19, 2012) ....................................... 8

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006) ......................................................................................... 7, 12

*Greenway v. Buffalo Hilton Hotel*,
   143 F.3d 47 (2d Cir. 1998) ................................................................................................ 5

*Hamza v. Saks Fifth Ave., Inc.*,
   No. 07 Civ. 5974, 2011 WL 6187078 (S.D.N.Y. Dec. 5, 2011) ....................................... 9

*Hansard v. Pepsi-Cola Metropolitan Bottling Co., Inc.*,
   865 F.2d 1461 (5th Cir. 1989) ........................................................................................... 4

*Hemphill v. Celanese Corp.*,
   No. 3:08-CV-2131-B, 2009 WL 2949759 (N.D. Tex. Sept. 14, 2009) ........................... 10

*Jones v. Home Federal Bank*,
   No. CV09-336, 2010 WL 255856 (D. Idaho Jan. 14, 2010) .......................................... 10

*Kirsch v. Fleet Street*,
   148 F.3d 149 (2d Cir. 1998) .......................................................................................... 4, 5

*Leon v. IDX Systems Corp.*,
   464 F.3d 951 (9th Cir. 2006) .......................................................................................... 10

*Monette v. Cty. of Nassau*,
   No. 11-cv-539, 2015 WL 1469982 (E.D.N.Y. Mar. 31, 2015) ......................................... 5

*Murray v. TXU Corp.*,
   No. 3:03-cv-0888-P, 2005 WL 1356444 (N.D. Tex. June 7, 2005) ............................... 10

*Olsen v. Cty. of Nassau*,
    615 F. Supp. 2d 35 (E.D.N.Y. 2009) ....................................................................................... 12

*Perez v. Progenics Pharm., Inc.*,
    10-cv-08278, 2015 WL 10846076 (Apr. 2, 2015) ................................................................... 11

*Perez v. Progenics Pharm., Inc.*,
    10-cv-08278 (Oct. 1, 2014) ..................................................................................................... 11

*Sir Speedy, Inc. v. L & P Graphics, Inc.*,
    957 F.2d 1033 (2d Cir. 1992) .................................................................................................. 11

*Tse v. UBS Fin. Servs.*,
    568 F. Supp. 2d 274 (S.D.N.Y. 2008) .................................................................................. 8, 9

*Walton v. Nova Info. Sys.*,
    514 F. Supp. 2d 1031 (E.D. Tenn. 2007) ................................................................................. 10

**STATUTES**

Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A .................................................................. *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ............................................................................................................. 2, 3, 6, 7, 8

Fed. R. Civ. P. 37(c) ................................................................................................................ *passim*

Fed. R. Evid. 401 ........................................................................................................................... 13

Fed. R. Evid. 402 .................................................................................................................... 11, 13

Fed. R. Evid. 403 ........................................................................................................................... 13

Defendants J.P. Morgan Chase & Co. ("JPMC"), Joe Kenney, Adam Green, and Leslie Lassiter (together, "Defendants") respectfully submit this memorandum in support of the following motions *in limine*: (i) motion *in limine* No. 1 seeks to preclude Plaintiff from offering any evidence of damages regarding her claims for back pay after she removed herself from the workforce, and any evidence of front pay; (ii) motion *in limine* No. 2 seeks to preclude Plaintiff from offering any evidence of lost bonuses, benefits, or salary increases; (iii) motion *in limine* No. 3 requests that any damages for back pay, front pay, or any other equitable damages be determined and calculated by the Court, not the jury; and (iv) motion *in limine* No. 4 seeks to preclude Plaintiff from offering any evidence of damages for alleged reputational harm, harm to career, and emotional distress.

## PRELIMINARY STATEMENT REGARDING MOTIONS *IN LIMINE* NOS. 1-4

Although Defendants requested it in discovery, Plaintiff has never provided a calculation of her alleged damages or produced documents or other information to support most of the alleged damages she listed in her Initial Disclosures. In addition, Plaintiff made clear in her deposition in October 2012, and in documents she produced regarding her efforts to find new employment, that she dropped out of the financial services industry in 2010, and since then has not held a paying job. Therefore, under applicable case law, Plaintiff is not entitled to recover back pay after that date.

Moreover, Plaintiff has never disclosed that she is seeking front pay in lieu of reinstatement, and has never provided a calculation or time period for such damages; therefore, she should be precluded from seeking such damages at trial. In addition, back pay and front pay are restitutionary damages and therefore equitable in nature, and should be decided by the Court along with whether Plaintiff mitigated her supposed damages.

In her Initial Disclosures, Plaintiff said she would be seeking damages for alleged harm to her reputation, harm to her career progression, and emotional distress. But Plaintiff has never produced any documents or information on those alleged damages, even though Defendants requested it in discovery. Therefore, Plaintiff should be precluded from seeking such damages at trial.

**FACTS**

On February 14, 2011, Plaintiff filed her Amended Complaint ("Complaint"). Dkt. 20. Plaintiff alleged that Defendants terminated her in retaliation for her complaints regarding "potential unlawful activities" of Client A in violation of the whistleblowing provision of Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("SOX"). Dkt. 20, ¶¶ 1, 20, 25-28, 36-44, 47, 61. The Complaint pled damages for: "loss of compensation, reduced possibilities for equivalent future compensation, and other additional damages, including interest, attorneys' fees, costs and disbursements." Dkt. 20, ¶ 62. Defendants generally denied these claimed damages. Dkt. 139, ¶ 62.

On October 11, 2011, Plaintiff produced her Rule 26(a) Initial Disclosures. Rule 26(a) requires "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff disclosed the following:

- Back pay through expected trial date of August 2012: $450,000
- Lost Benefits: To be determined at trial
- Lost Bonus: To be determined at trial
- Lost Salary Increases: To be determined at trial

- Interest with respect to back pay and lost benefits, bonus, and salary increases: To be determined at trial
- Compensation for any special damages sustained as a result of the Defendants' unlawful acts:
    - For harm to career progression: *To be determined at trial*, but not less than: $5,000,000
    - For harm to reputation: *To be determined at trial*, but not less than: $4,500,000
    - For emotional distress: *To be determined at trial*, but not less than $1,000,000
    - Litigation costs: To be determined
    - Expert witness fees: To be determined
    - Attorneys' fees: To be determined

Declaration of Michael D. Schissel, dated January 9, 2017 ("Schissel Decl."), Ex. A ("Initial Disclosures") at 14-15 (emphasis added). Plaintiff never supplemented these disclosures.

Approximately two weeks later, Plaintiff responded to Defendants' Interrogatories ("Interrogatory Responses") and Requests for the Production of Documents ("Document Responses"). In response to an Interrogatory asking her to "[i]dentify and state the damages you are seeking in this Action and how you calculated such damages," Plaintiff stated that, "Plaintiff has yet to compute each item or category of damages sought in the Complaint, and reserves the right to supplement this response once such computation has been completed, at the appropriate time and in the manner required by the Federal Rules of Civil Procedure and the Local Civil Rules. Plaintiff also refers Defendants to Plaintiff's Rule 26(a) Initial Disclosures, dated October 11, 2011." Schissel Decl., Ex. B at 9. In response to a Document Request asking for "[a]ll Documents and Communications concerning the Damages You are seeking," Plaintiff responded that she "has not made any determination as to which documents will be used to support her claim for damages, and that all documents produced are arguably responsive to this request." Schissel Decl., Ex. C at 7. Plaintiff produced documents related to her search for employment, with the last document dated October 13, 2010. Schissel Decl., Ex. D.

3

Plaintiff has never supplemented or amended her Initial Disclosures, Interrogatory Responses, and Document Responses; never designated a damages expert; never produced a calculation of any of her supposed damages; and never identified specifically which documents will be used at trial to support each of her claims for damages. Plaintiff never asserted that she intended to seek front pay, and never asserted she intended to seek back pay past August 2012. Plaintiff has produced no documents or information to support her claim for reputational damage, harm to career, or emotional distress. At her deposition, Plaintiff could only speculate as to why she was not hired after going on multiple job interviews immediately after leaving JPMC: "I can't speculate why [I had difficulty finding employment]. I don't know if it was the times and it was difficult to get jobs, or if, you know, people--I would suspect people knew I had been terminated, everybody knows everybody. . . . That's speculation. I don't know." Schissel Decl., Ex. E ("Sharkey Tr.") at 263:22-264:12.

## ARGUMENT

I.  **MOTION *IN LIMINE* NO. 1: LIMITING EVIDENCE OF BACK PAY AND PRECLUDING EVIDENCE OF FRONT PAY**

   A.  **Plaintiff Is Precluded from Offering Any Evidence Regarding Her Entitlement to Back Pay After She Dropped Out of the Workforce**

Plaintiff is not entitled to back pay "to the extent [s]he fails to remain in the labor market," as Plaintiff "may not simply abandon [her] job search and continue to recover back pay." *Kirsch v. Fleet Street*, 148 F.3d 149, 168 (2d Cir. 1998) (citations omitted); *see also Hansard v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 865 F.2d 1461, 1468 (5th Cir. 1989) (plaintiff "clearly is not entitled to back pay after December 1985 because, by his own admission, he stopped looking for work. A plaintiff may not simply abandon his job search and continue to recover back pay.").

Here, Plaintiff admitted that she abandoned her job search in 2010. At her deposition, Plaintiff testified as follows:

- She went on interviews in 2009 and early 2010. Sharkey Tr. at 251:21-259:15. She did not receive any job offers following these interviews.
- She declined an interview by telling the recruiter, untruthfully, that she had accepted another offer. Sharkey Tr. at 260:5-261:12; *see also* Schissel Decl., Ex. G.
- She took non-paying jobs in family businesses during 2010 and 2011. Sharkey Tr. at 264:13-265:15, 272:24-274:17; *see also* Schissel Decl., Ex. C at 4 (identifying father's business and husband's business as "all employers for whom [Plaintiff had] worked from August 5, 2009 to the present").

In addition, during discovery, Plaintiff produced notes or emails of her job search showing that she had some contact with recruiters or banks prior to filing this lawsuit in May 2010 (with only two emails from October 2010). Discovery remained open in this case until August 2013, and Plaintiff never produced any additional documents to indicate she had continued to look for employment after October 2010.

Accordingly, it is clear that Plaintiff stopped searching for a job and dropped out of the paid workforce by, *at the very latest*, October 2010. Any claimed back pay should be cut off as of that date[1] *See, e.g.*, *Kirsch*, 148 F.3d at 168; *see also Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2d Cir. 1998) (releasing employer from burden of showing availability of suitable employment if "it can prove that the employee made no reasonable efforts to seek such employment. . . . The underlying rationale is that an employer should not be saddled by a requirement that *it* show other suitable employment in fact existed—the threat being that if it does not, the employee will be found to have mitigated his damages—when the employee, who is capable of finding replacement work, failed to pursue employment at all." (emphasis in original); *Monette v. Cty. of Nassau*, No. 11-cv-539, 2015 WL 1469982, *16 (E.D.N.Y. Mar. 31,

---

[1] For the same reason, Plaintiff would not be entitled to front pay, even if she had disclosed such damages in discovery (which she did not).

2015) ("The purpose of a back pay award is . . . not to punish an employer or provide a windfall to the employee.") (quotation and citation omitted).

Plaintiff should therefore be precluded seeking back pay after 2010.

### B. Plaintiff Should Be Precluded from Offering Any Evidence of Back Pay After August 2012 or Any Evidence of Front Pay Under Rule 37 Because She Failed to Comply with Her Rule 26(a) Obligations

Even if the Court does not preclude back pay damages after October 2010, it should do so after August 2012 for Plaintiff's failure to comply with her discovery obligations. The same is true for front pay. Rule 26 required Plaintiff to disclose her damages calculations in her initial disclosures, and she remained obligated to amend or supplement them. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring disclosures about the "computation of each category of damages claimed" and "the documents or other evidentiary materials . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered"); Fed. R. Civ. P. 26(e) (initial disclosures must be supplemented "in a timely manner" if (i) "the party learns that in some material respect the disclosure . . . is incomplete or incorrect" and (ii) "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). Similarly, Plaintiff never supplemented her Interrogatory Responses or Document Responses to include any computations or additional documents. *See* Fed. R. Civ. P. 26(e) (requiring supplementation or correction of interrogatory responses and responses to requests for production); *see also* Schissel Decl., Ex. B at 1 ("Plaintiff reserves the right to amend or supplement these responses in the future in accordance with Fed. R. Civ. P. 26(e)(1) as may be necessary or appropriate."); Schissel Decl., Ex. C at 1 (same).

Rule 37(c)(1) provides that, when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is

6

harmless." Fed. R. Civ. P. 37(c)(1). A court will determine whether evidence should be excluded by examining a non-exclusive list of four factors: (i) the party's explanation for its failure to disclose, (ii) the importance of the evidence, (iii) the prejudice suffered by the opposing party, and (iv) the possibility of a continuance. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). Plaintiff has offered no explanation for her failure to disclose, but the party that violates its Rule 26 obligations has the burden of showing that its violation was either substantially justified or harmless. *See Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013). The court has "wide discretion" to impose sanctions on the party failing to meet its discovery obligations. *Id.*

"[E]ven a party's own production of documents supporting its theory of damages cannot excuse that party from its separate obligation to disclose a damages computation [ ]--an obligation that extends to supplementing and amending that computation *if it changes materially* [ ]. Put simply, damages computations and the documents supporting those computations are two different things, and Rule 26 obliges parties to disclose and update the former as well as the latter." *Id.* at 684-85 (citations omitted; emphasis added). An additional three years of back pay and some unspecified amount of front pay is certainly a material change to Plaintiff's Initial Disclosures. This evidence is of course important to Defendants, who would be severely prejudiced if Plaintiff is now permitted to calculate and provide evidence of those damages for the first time at trial.

Plaintiff's only disclosure about back pay was contained in her Initial Disclosures, and ended as of August 2012 (Plaintiff's anticipated date for trial). *See* Schissel Decl., Ex. A at 14-15. When it became clear that trial would not occur in August 2012, Plaintiff could have amended her Initial Disclosures, but she did not. *See Austrian Airlines Oesterreichische*

7

*Lufverkehrs Ag v. UT Finance Corp.*, No. 04 Civ. 3854, 2005 WL 977850, *2 (S.D.N.Y. Apr. 28, 2005) (precluding evidence of currency conversion damages because "even if plaintiff could not calculate its currency conversion damages at the time of its initial disclosure [which the Court doubted] . . . , there is no reason that it did not disclose its currency conversion damage *theory*." (emphasis in original)).

Additionally, Plaintiff has *never* disclosed that she was seeking front pay, how such front pay would be calculated, or the period over which she would be seeking front pay. *See Curcio v. Roosevelt Union Free School Dist.*, No. 10-cv-5612, 2012 WL 6641715, *4 (E.D.N.Y. Dec. 19, 2012) (precluding plaintiff from offering any testimony or evidence regarding pension-related damages because, among other things, "a general demand in a complaint fails to satisfy the requirement of Rule 26(a) that plaintiff provide 'a computation of each category of damages claimed'"). Rule 37(c)(1) is specifically designed to prevent this sort of surprise on the eve of trial, and Plaintiff should be precluded from offering any evidence regarding her supposed entitlement to front pay. *See, e.g.*, *Tse v. UBS Fin. Servs.*, 568 F. Supp. 2d 274, 306, 308 (S.D.N.Y. 2008) ("[D]efendant's opportunity to rebut plaintiff's misleading evidence was gravely handicapped by plaintiff's failure to disclose her calculations in advance of trial. . . . [I]t is plaintiff's burden to present a non-speculative basis for determining economic damages.").

Under Rule 37(c)(1), the Court should preclude any evidence of Plaintiff's back pay damages after August 2012 and all evidence of her supposed entitlement to front pay.

## II.     MOTION *IN LIMINE* NO. 2:     PRECLUDING EVIDENCE REGARDING BONUSES, BENEFITS, AND SALARY INCREASES

In her Initial Disclosures, Plaintiff asserted that the amount of any lost benefits, bonuses, or salary increases would be determined at trial. Schissel Decl., Ex. A at 14. In discovery, however, Plaintiff failed to provide Defendants with a calculation of those damages or any

supporting evidence.  Plaintiff should not be permitted to reveal a calculation or supporting evidence for the first time at trial.  Moreover, she never even articulated a theory by which such speculative bonuses, benefits, or salary increases should be considered, and therefore should be precluded from doing so under Federal Rule of Civil Procedure 37.  *See, e.g.*, *Tse*, 568 F. Supp. 2d at 307-08; *Austrian Airlines Oesterreichische Lufverkehrs Ag*, 2005 WL 977850 at *2 (prohibiting introduction of evidence when even underlying theory of damages not disclosed).

### III.  MOTION *IN LIMINE* NO. 3:  THE COURT SHOULD DETERMINE THE AMOUNT OF ANY BACK PAY OR OTHER EQUITABLE RELIEF

If the jury were to determine that Defendants terminated Plaintiff in violation of SOX, whether Plaintiff should be awarded back pay, and the amount of any back pay (or other equitable relief), should be determined by the Court (as well as any lost benefits, lost bonuses, or lost salary increases if they are not precluded).  "Because a lost wages award--whether in the form of back pay or front pay--is an equitable remedy, a party is generally not *entitled* to a jury determination on the question."  *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (emphasis in original); *see also Hamza v. Saks Fifth Ave., Inc.*, No. 07 Civ. 5974, 2011 WL 6187078, *3 (S.D.N.Y. Dec. 5, 2011) (in Title VII retaliation case, "questions of whether the plaintiff is entitled to front and/or back pay damages and what those damages should be will not be submitted to the jury, and no testimony or exhibits will be permitted to be introduced as to this matter. . . . Should the jury find liability on the part of the defendant at trial, any testimony or exhibits regarding front and back pay damages shall be submitted to this Court following the verdict.").[2]  For this reason, if the jury finds Defendants liable, Plaintiff's equitable damages

---

[2]  To be clear, Defendants are objecting to the submission to the jury of the question of how much, if any, back pay, front pay, or any other equitable remedy Plaintiff would receive.

9

should be determined by the Court, and Plaintiff should be precluded from presenting any evidence of such amounts to the jury.

## IV. MOTION *IN LIMINE* NO. 4: PRECLUDING EVIDENCE OF REPUTATIONAL DAMAGE, HARM TO CAREER, AND EMOTIONAL DISTRESS

### A. Plaintiff May Not Recover Non-Economic Damages Under SOX

SOX provides that a plaintiff can recover "compensatory damages," which include "the amount of back pay, with interest" and "compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees." 18 U.S.C. § 1514A(c). This list does not include reputational harm, emotional distress, or harm to career.

In light of this, several courts have held that reputational or emotional distress damages are not available to a SOX plaintiff. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 952 (9th Cir. 2006) ("[T]he remedies available under SOX include *only* individual compensatory remedies, including reinstatement, back pay, litigation costs, expert witness fees and reasonable attorneys' fees."); *Jones v. Home Federal Bank*, No. CV09-336, 2010 WL 255856, *6 (D. Idaho Jan. 14, 2010) ("[B]ecause reputational damages are not specifically enumerated in SOX and such damages are non-pecuniary, reputational damages are akin to damages for emotional distress and are not recoverable" (citations omitted)); *Hemphill v. Celanese Corp.*, No. 3:08-CV-2131-B, 2009 WL 2949759, *5 (N.D. Tex. Sept. 14, 2009) (finding that "mental anguish damages, future earnings and benefits, and exemplary and punitive damages" are not available under SOX); *Walton v. Nova Info. Sys.*, 514 F. Supp. 2d 1031, 1035 (E.D. Tenn. 2007) (SOX makes "no mention of any type of damages considered non-pecuniary, damages such as injury to reputation, mental and physical distress or punitive damages"); *Murray v. TXU Corp.*, No. 3:03-cv-0888-P, 2005 WL 1356444, *3 (N.D. Tex. June 7, 2005) (holding that claims for reputational damages

are not included under SOX because the provision does not mention "any type of damage that might not be considered non-pecuniary" and nothing else leads Court to believe SOX "provides for reputational injury").

More recently, two Southern District of New York judges precluded the introduction of any evidence regarding "loss of reputation, emotional distress, depression, and psychological injuries" as SOX "permits as remedies only back pay with interest, costs of litigation, and reinstatement.  [Plaintiff] may only introduce evidence on or refer to those remedies." *Perez v. Progenics Pharm., Inc.*, 10-cv-08278 (Oct. 1, 2014) (Conti, J.) (docket entry reflecting order, attached as Ex. F to Schissel Decl.); *see also Perez v. Progenics Pharm., Inc.*, 10-cv-08278, 2015 WL 10846076, *2 (Apr. 2, 2015) (Preska, J.) ("[T]he Court agrees with Judge Conti's fifth ruling precluding evidence regarding damages for loss of reputation, emotional depression, and psychological injuries as not covered under [SOX]").

Because reputational damages, as well as damages arising from harm to career and emotional distress, are not permitted under SOX, any evidence to support these damages claims should be precluded.  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

### B. Plaintiff Has Produced No Evidence to Support Non-Economic Damages

Even if damages for alleged harm to reputation, harm to career, or emotional distress were recoverable under SOX, Plaintiff produced no evidence in discovery to support such damages.  For that reason alone, evidence to prove those damages should be precluded under Rule 37.

Although Plaintiff does not need to prove these types of damages with mathematical precision, "the jury is not allowed to base its award on speculation or guesswork." *Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) (discussing lost profits).  She

has to show that there was actual harm to her reputation and career (which she cannot) and articulate the symptoms of the emotional distress she experienced (which she cannot).

In her Initial Disclosures, Plaintiff prefaces each entry for harm to career progression, harm to reputation, and emotional distress with the statement that it is "[t]o be determined at trial, but not less than" an amount ranging from $1 million to $5 million. Schissel Decl., Ex. A. This is not specific enough for Defendants to understand how she is calculating or supporting these supposed damages. *See, e.g.*, *Design Strategy*, 469 F.3d at 293-94 (quoting District Court judge: "You, the plaintiff, are the one[ ] who [is] asserting the damages. If you assert the damages and you claim that you suffered a certain amount of injury, it is for you, you have the burden of proof on injury and the amounts thereof, and they have to be calculated with reasonable certainty."). Additionally, Plaintiff's claim for emotional distress damages of up to $1 million, "to be determined at trial," is out of proportion to what she would actually be able to recover *if* emotional damages were recoverable under SOX, and she offered only her own testimony in support of those damages. *See, e.g.*, *Olsen v. Cty. of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009) (noting that in "garden variety" emotional distress cases where "the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury" "generally merit $30,000 to $125,000 awards" (citations and quotations omitted)).

Moreover, Plaintiff could only speculate about why she was not hired by other banks after going on multiple interviews. *See* Sharkey Tr. at 263:22-264:12 (admitting she is merely speculating as to whether her termination contributed to her inability to get job post-JPMC). In light of this record, it is almost impossible for her to show (without *massive* speculation) any reputational harm or harm to her career that was caused by JPMC.

Accordingly, Plaintiff should be precluded from offering any evidence of damages for harm to reputation, harm to career, and emotional distress.  *See* Fed. R. Civ. P. 37(c); *see also* Fed. R. Evid. 402; Fed. R. Evid. 403 (stating even relevant evidence should be excluded "if its probative value is substantially outweighed by danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *see also* Fed. R. Evid. 401 (evidence is relevant only if it has a "tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action").

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant their motions *in limine* Nos. 1, 2, 3, and 4.

Dated:   New York, New York
         January 9, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ Michael D. Schissel
      Michael D. Schissel
      Kathleen A. Reilly
      399 Park Avenue
      New York, NY  10022-4690
      Telephone: +1 212.715.1000
      Fax: +1 212.715.1399

*Attorneys for Defendants*

**AFFIRMATION OF SERVICE**

I, Kathleen A. Reilly, the undersigned attorney at law duly admitted to practice in the State of New York, respectfully show that on the 9th day of January, 2017, I caused a copy of the annexed **NOTICE OF MOTIONS, DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTIONS *IN LIMINE* NUMBERS 1-4 SEEKING TO PRECLUDE UNDISCLOSED DAMAGES INFORMATION**, and **DECLARATION OF MICHAEL D. SCHISSEL IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE* NUMBERS 1-4 SEEKING TO PRECLUDE UNDISCLOSED DAMAGES INFORMATION** to be served by ECF and FedEx upon:

Douglas H. Wigdor
Lawrence M. Pearson
WIGDOR LLP
85 Fifth Avenue
Fifth Floor
New York, NY 10003
(212) 257-6800

/s/ Kathleen A. Reilly
Kathleen A. Reilly