**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

January 9, 2017

**VIA ECF**

The Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007

      Re:    Jennifer Sharkey v. J.P. Morgan Chase & Co., et al., No. 10 Civ. 3824 (RWS)

Dear Judge Sweet:

We represent Plaintiff Jennifer Sharkey ("Sharkey" or "Plaintiff") in the above-referenced matter and write to respectfully request an Order compelling Defendants J.P. Morgan Chase & Co. ("JPMC"), Joe Kenney, Adam Green and Leslie Lassiter (together, "Defendants") to state whether they will produce former JPMC Risk Compliance Officer Kathleen Gruszczyk ("Gruszczyk") to testify at trial in person (as opposed to remotely). Plaintiff has repeatedly requested an answer to this simple question, but defense counsel will not provide one.

On December 16, 2016, the parties filed a joint pre-trial order ("JPTO") in which both Plaintiff and Defendants stated that they intend to call Gruszczyk to testify at trial. See Dkt. No. 137 at pp. 4-5. In the JPTO, Defendants also represented that they believed Gruszczyk would testify in person. See id. at p. 5. On December 21, 2016, Plaintiff sent Defendants several trial subpoenas, including a subpoena of Gruszczyk. See Ex. A at p. 3. On December 22, 2016, defense counsel accepted electronic service of the subpoena on Gruszczyk's behalf and indicated that they "will be representing her if she provides testimony at trial." Id. On January 4, 2017, approximately two weeks later (and three weeks after the JPTO was filed), Plaintiff inquired as to whether Gruszczyk would appear to testify at trial. See id. at p. 2. Defendants responded, *inter alia*, "We do not know yet." Id. The next day, Plaintiff asked again for information regarding Gruszczyk's appearance at trial. See id. at p. 1. Defense counsel never responded to that email. Earlier today, we again requested clarity on whether Ms. Gruszczyk will appear in person. Again, we were told that Defendants still do not know. Plaintiff seeks only the most basic of courtesies in requesting that defense counsel – who represents Ms. Gruszczyk – tell us whether she will appear in person.

# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Judge Robert W. Sweet
January 9, 2017
Page 2

We apologize for the need to involve the Court in a dispute that should have been resolved through basic cooperation among counsel, and thank the Court for its attention to this matter.

Respectfully submitted,

Douglas H. Wigdor

cc:   Michael D. Schissel, Esq. (*via* ECF)
      Kathleen A. Reilly, Esq. (*via* ECF)