

**Michael D. Schissel**
+1 212.715.1157 Direct
Michael.Schissel@apks.com

January 11, 2017

**VIA ECF**

The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   Jennifer Sharkey v. JPMorgan Chase & Co., et al., 10 Civ. 3824 (RWS)

Dear Judge Sweet:

This firm represents Defendants JPMorgan Chase & Co. ("JPMC"), Joe Kenney, Adam Green, and Leslie Lassiter in the above-referenced matter. We write in response to the January 9, 2017 letter from Plaintiff's counsel seeking to compel Defendants to state whether a former JPMC employee who lives in Chicago, Kathleen Gruszczyk, will testify at trial. We ask the Court to consider the following facts that Plaintiff's counsel chose not to include in his letter.

*First*, because we are not yet certain whether Ms. Gruszczyk will appear at trial, we informed Plaintiff's counsel that both sides should designate testimony from the approximately 8-hour deposition that Plaintiff took of Ms. Gruszczyk. Both sides did just that in the Joint Pre-Trial Order ("JPTO") submitted on December 9, 2016. Dkt. 137. Therefore, in the event Ms. Gruszczyk does not appear, her designated deposition testimony may be read to the jury.

*Second*, we invited Plaintiff's counsel to have a meet and confer this week to discuss *all* witnesses that each side may actually call to testify, but Plaintiff's counsel has not responded to that invitation. In the JPTO, Plaintiff designated 20 potential witnesses, including 14 current or former JPMC employees. Most of those witnesses appear to be peripheral to the single claim asserted and/or their testimony would be cumulative of other witnesses. Unfortunately, it appears that Plaintiff's counsel is interested in discussing only a single witness on Defendants' list (Ms. Gruszczyk) but not the other nineteen witnesses on Plaintiff's list.

We hope that Plaintiff will decide to discuss both sides' witnesses and who will actually be appearing (and in what order) at trial before the conference with Your Honor on January 17, 2017. If not, we will ask the Court at that time for appropriate relief so that witnesses are presented in an orderly, non-cumulative manner. In this regard, it appears that Plaintiff may seek to call JPMC witnesses in its case-in-chief. If she does,

# ARNOLD & PORTER
# KAYE SCHOLER

The Honorable Robert W. Sweet
January 11, 2017
Page 2

then we believe that Defendants' counsel should first conduct a direct examination before Plaintiff cross-examines these witnesses so that the testimony will be better understood by the jury.

    We will be prepared to discuss these matters further at the January 17 conference.

                      Respectfully submitted,


                      /s/ Michael D. Schissel

cc:    Douglas H. Wigdor, Esq. (*via ECF*)
        Lawrence M. Pearson (*via ECF*)