UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER SHARKEY,<br><br>                Plaintiff,<br><br>                v.<br><br>J.P. MORGAN CHASE & CO., JOE KENNEY, ADAM GREEN, and LESLIE LASSITER, in their official and individual capacities,<br><br>                Defendants. | Civil Action No. 10-cv-3824 (RWS) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NUMBER 7 SEEKING TO PRESERVE THE CONFIDENTIALITY OF JPMC CLIENTS AND EMPLOYEES**

**ARNOLD & PORTER**
**KAYE SCHOLER LLP**

Michael D. Schissel
Kathleen A. Reilly
250 West 55th Street
New York, NY  10019-9710
Telephone: +1 212.836.8000
Fax: +1 212.836.8689

*Attorneys for Defendants*

Defendants J.P. Morgan Chase & Co. ("JPMC"), Joe Kenney, Adam Green, and Leslie Lassiter (together, "Defendants") respectfully submit this memorandum in further support of their motion *in limine* number 7 seeking to preserve the confidentiality of third parties at trial.

## ARGUMENT

As she has done in every recent submission on this issue,[1] Plaintiff's brief ignores the language in the so-ordered, *stipulated* Protective Order that, at trial, the parties "shall take reasonable steps to maintain the confidentiality of confidential material at trial . . . in such manner as the Court may direct." Dkt. 38 at ¶ 17. Instead, Plaintiff asserts that, because there may be information publicly available about Client A on the Internet (for reasons unrelated to Plaintiff's allegations about Client A in 2009), there is no reason to protect his reputation from specious allegations made about him in an action where he is neither a party nor an employee of a party. This is unconvincing, especially when the information that Plaintiff cites were allegations made in a publicly filed lawsuit against an entity in which Client A was involved and would have had an opportunity to present evidence to rebut. Here, Client A has no opportunity to present evidence to rebut Plaintiff's allegations against him; instead, he must rely on the parties to the action to ensure that a one-sided story, based on information later shown to be untrue, is not spread publicly.

Moreover, there are a limited number of JPMC clients who may be discussed during this action and were protected by the confidentiality provisions set forth in the Protective Order: Client A (and any associated entities that were part of that relationship), Manager T (and who she worked for), and the few other clients whose interactions with Plaintiff led JPMC to have

---

[1] Defendants incorporate by reference all of the various arguments against Plaintiff's wholesale efforts to ignore the Protective Order and fight the reasonable steps proposed by Defendants (without offering a single alternative option), set forth in Defendant's opening brief, but also in the other documents Defendants filed with the Court regarding Client A in the past few weeks.

concerns about Plaintiff's ability to perform her job functions or her ability to tell the truth. It is a simple exercise to redact documents and utilize pseudonyms during testimony for these clients. A demonstrative chart can help the jury and witnesses with any purported confusion, and clarifying questions from attorneys where confusion might emerge due to the nature of specific testimony can also cure any purported issues.[2]

In support of her argument, Plaintiff cites to a string of cases against JPMC where client information was revealed, including in support of an argument that, when there are allegations of unlawful conduct by JPMC clients, the names of those clients should be made public. All are inapposite:

- In *NES Financial Corp. v. JPMorgan Chase Bank*, 891 F. Supp. 2d 558, the *plaintiff* moved to preclude the naming of clients and proposed the redaction of 170 client names and use of pseudonyms. 891 F. Supp. 2d at 558. Importantly, plaintiff had filed a series of claims against JPMC as a result of plaintiff's acquisition of JPMC's Property Exchange Inc. business ("JPEX"). *See NES Financial Corp. v. JPMorgan Chase Bank, N.A.*, 907 F. Supp. 2d 448, 450 (S.D.N.Y. 2012), *aff'd in part, vacated in part by*, 556 Fed. App'x 12 (2d Cir. 2014). All of the client names and pseudonyms that plaintiff sought to redact actually were clients of plaintiff, due to the transaction, *not* JPMC. So, *NES Financial Corp*. differs from this action in two ways: (i) hundreds of clients' names would make pseudonyms especially confusing and (ii) the fact that JPMC was not the party requesting the remedy because the JPEX clients were no longer JPMC's clients.[3]

- *Friedman v. JP Morgan Chase & Co.*, No. 15 Civ. 5899 (JGK), 2016 WL 2903273, at *3 (S.D.N.Y. May 18, 2016) is a decision granting a motion to dismiss an amended complaint in which the specific client's name had been publicly included. *See Friedman v. JP Morgan Chase & Co.*, No. 15 Civ. 5899 (JGK) (S.D.N.Y.), ECF No. 33 at 2. Here, Plaintiff never named the underlying client in her complaint, and, instead, utilized a pseudonym.

---

[2] Plaintiff cannot truly believe that the mere use of pseudonyms with regard to innocent non-parties would "dehumanize" any clients covered by this order, or cause the jury to lose interest in this case.

[3] Moreover, the Protective Order issued in that case had no similar provision providing for reasonable steps at trial to preserve confidentiality as in place here. *See NES Financial Corp. v. JPMorgan Chase Bank, N.A.*, 1:11-cv-03437 (VM) (S.D.N.Y.), ECF No. 12.

2

- *T.D. Bank, N.A. v. JP Morgan Chase Bank, N.A.*, No. 10 Civ. 2843 (JG)(ARL), 2010 WL 4038826, at *1 (E.D.N.Y. Oct. 14, 2010) is a decision denying an individual defendant's motion to dismiss JPMC's counterclaims against an interpleader defendant. The case related to an underlying fraud involving two JPMC clients, who were publicly named in a complaint filed by the federal government. 2010 WL 4038826, at *1. Here, there have been no actions filed by any governmental agency (or any private party) publicly naming Client A and involving the supposed unlawful activity about which Plaintiff purportedly had a concern.

- In *Mansor v. JPMorgan Chase Bank, N.A.*, 183 F. Supp. 3d 250, 275 (D. Mass. 2016), the court granted in part and denied in part a motion to dismiss a complaint against JPMC and to strike certain exhibits attached to the complaint. First, the underlying complaint was *sealed*. *Mansor v. JPMorgan Chase Bank, N.A.*, 1:12-cv-10544(JGD) (D. Mass.), ECF No. 340. In fact, many of the documents on the docket in this case were sealed. *See generally*, *Mansor v. JPMorgan Chase Bank, N.A.*, 1:12-cv-10544(JGD) (D. Mass.). But, nevertheless, like *T.D. Bank*, the underlying clients named in the decision were alleged to have been involved in a fraudulent scheme by the *federal government* prior to the underlying lawsuit filed against JPMC. *See Mansor*, 183 F. Supp. 3d at 262 (discussing SEC civil enforcement action against underlying clients filed prior to filing of complaint).

- In *Gil v. JPMorgan Chase Bank, N.A.*, No. 07 Civ. 0181 (PHX)(SMM), 2009 WL 1628876, at *2 (D. Ariz. June 10, 2009), the client named was the client with whom the former JPMC employee plaintiff had interacted and offered an improper rate based on entry of a wrong home value, which resulted in her termination. It was one client at issue in that case and the allegations of impropriety were about the former employee (who allegedly entered that wrong information to increase her compensation), not the underlying JPMC client. *See id.* at *2. That is not akin to the type of client information Plaintiff is seeking to reveal here.

The other cases Plaintiff cites relate to pseudonyms that would be used to identify *parties* to an action. Pl. Br. at 5 (citing to *Doe v. Delta Airlines Inc.*, No. 15 Civ. 3561, 2016 WL 6989793 (2d Cir. Nov. 29, 2016); *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12 Civ. 6152 (VM)(KNF), 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012); *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571 (S.D.N.Y. 2004)). None of the JPMC clients at issue are parties to this action. For these reasons, Plaintiff's supposed support for her claim that pseudonyms could not be used here are not instructive.

Plaintiff continuously cites to her right to a public trial to justify the need to reveal the identities of clients publicly. But Plaintiff is not being prohibited from engaging in a public trial.

3

The reasonable steps proposed by Defendants balance the access of the public to the trial, but, as allowed under the relevant balancing test, consider the privacy interests of third parties when the publicity could harm them.  *See generally* Dkt. 173 (Defendants' Opposition to Plaintiff's Motion *In Limine* to Preclude Defendants from Curtailing Plaintiff's Ability to Present Her Claims to the Jury and/or Limiting the Public's Access to the Upcoming Trial).

To the extent that employees may be named publicly, Defendants have sought this remedy only if their Motion *In Limine* number 10 is denied.  The individual performance of employees other than Plaintiff is not at issue in this case and, if it was to be discussed, Defendants wish to ensure that, like the JPMC clients above, those current or former employees are not named publicly without an opportunity to present information in their own defense.

Finally, Defendants offered a proposed order in their opening brief that they believe is reasonable in light of the various considerations at play here, but would be prepared to discuss other reasonable ways to ensure that the identities of JPMC clients and employees remain confidential if Plaintiff would propose any.

**CONCLUSION**

      For the above reasons, Defendants respectfully request that the Court grant their motion *in limine* number 7.

Dated:    New York, New York
            January 16, 2017

                              ARNOLD & PORTER KAYE SCHOLER LLP

                              By:   /s/ Michael D. Schissel
                                      Michael D. Schissel
                                      Kathleen A. Reilly
                                      250 West 55th Street
                                      New York, NY  10019-9710
                                      Telephone: +1 212.836.8000
                                      Fax: +1 212.836.8689

                                      *Attorneys for Defendants*

## AFFIRMATION OF SERVICE

I, Kathleen A. Reilly, the undersigned attorney at law duly admitted to practice in the State of New York, respectfully show that on the 16th day of January, 2017, I caused a copy of the annexed **DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NUMBER 7 SEEKING TO PRESERVE THE CONFIDENTIALITY OF JPMC CLIENTS AND EMPLOYEES** to be served by ECF and FedEx upon:

Douglas H. Wigdor
Lawrence M. Pearson
WIGDOR LLP
85 Fifth Avenue
Fifth Floor
New York, NY 10003
(212) 257-6800

                                                    /s/ Kathleen A. Reilly
                                                    Kathleen A. Reilly