UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

JENNIFER SHARKEY,

                Plaintiff,           10 Civ. 3824

  -against-                          OPINION

J.P. MORGAN CHASE & CO., JOE KENNEY,
ADAM GREEN, and LESLIE LASSITER, in
their official and individual
capacities,

                Defendants.

------------------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

       WIGDOR LLP
       85 Fifth Avenue
       New York, NY 10003
       By:  Douglas H. Wigdor, Esq.
            Lawrence M. Pearson, Esq.
            Michael J. Willemin, Esq.

       Attorneys for Defendants

       ARNOLD & PORTER LLP
       399 Park Avenue
       New York, NY 10022-4690
       By:  Michael D. Schissel, Esq.
            Kathleen A. Reilly

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/17

**Sweet, D.J.**

Client A, a non-party to this action, is joined by Defendants J.P. Morgan Case & Co. ("JPMC"), Joe Kenney ("Kenney"), Adam Green ("Green") and Leslie Lassiter ("Lassiter") (collectively, the "Defendants"), in moving to protect Client A's identity at trial and quash the trial subpoena for Client A and certain of his family members. Upon the findings and conclusions set forth below, Client A and Defendants' motion is granted in part and denied in part. Defendants filed 10 motions *in limine* and Plaintiff filed four motions *in limine*. All of Plaintiff's motions were resolved at oral argument on January 17, 2017 as were five of Defendants' motions. Defendants' remaining five motions *in limine* are granted in part and denied in part.

**Prior Proceedings**

The non-party, Client A, filed the instant motion to quash the trial subpoena on December 23, 2016 and the motions *in limine* were filed on January 9, 2017. The motions were all heard and marked fully submitted on January 17, 2017.

1

## The Motion to Protect Client A's Identity and Quash Client A's Trial Subpoena is Granted in Part and Denied in Part

Client A and Defendants moved to protect the names of Client A, other members of the A-Family, and affiliated entities from disclosure at trial and to quash the trial subpoenas. For the reasons that follow, Client A's identity will be protected up until the time at which either of the parties can make an in camera showing that Client A's testimony will be relevant during trial. The motion to quash the subpoenas is denied.

Under Federal Rule of Evidence 401, testimony is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, the only relevant inquiry is whether Plaintiff's belief that she was whistleblowing about potentially illegal conduct was reasonable at the time of her employment and whether her whistleblowing led to her termination. The parties dispute whether Client A's testimony will help to determine the reasonableness of Plaintiff's determination. Plaintiff argues that Client A did not willingly comply with the Know Your Client requirements and that Client A's deposition testimony was inconsistent with other testimony from JPMC witnesses. However,

2

Plaintiff will need to demonstrate to the Court in camera during trial why Client A's testimony will be relevant.

If the Plaintiff can make a showing of relevance, then the question becomes whether the Court will protect Client A's identity. Client A and Defendants warn of the harm that Client A would suffer harm to his business if his identity were revealed and he was required to testify, whereas Plaintiff argues that she has a right to Client A's live testimony.

The Second Circuit has a "presumption of access" to live witnesses though cases dispute whether this presumption is "especially strong" requiring "extraordinary circumstances to justify restrictions" *United States v. Myers (In re Nat'l Broadcasting Co.)*, 635 F.2d 945, 952 (2d Cir. 1980), while other courts weigh the presumption as merely "one of the interests" that may bow before "good reasons" to deny the requested access. *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. Unit A 1981); see also, *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*").

Against this presumption of access to testimony, courts must weigh the "two countervailing factors: (i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure." *Amodeo II*, 71 F.3d at 1050. Client A does not argue that there are any dangers to law enforcement or substantial savings to judicial efficiency. Instead, Client A argues that his privacy interests outweigh the presumption in favor of disclosure.

Courts have held that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050 (quoting *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79-80 (2d Cir. 1990)). Courts will not allow public access to information simply to "gratify private spite or promote public scandal," and have "refused to permit their files to serve as reservoirs of libelous statements for press consumption." *Amodeo II*, 71 F.3d at 1051 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

*Amodeo II* provided examples of the kinds of records that should be protected from public disclosure such as "[f]inancial

4

records of a wholly owned business, family affairs, illnesses, [and] embarrassing conduct with no public ramifications." *Amodeo II*, 71 F.3d at 1051.  Further, "The nature and degree of injury must also be weighed" including "the sensitivity of the information."  *Id.*

Here, the mere disclosure of Client A's identity does not amount to the kind and nature of the records *Amodeo II* intended to protect.  His identity is not the same as disclosure about sensitive financial information, illnesses, or trade secrets.  Instead Client A's counsel asserts that connecting Client A's identity with Plaintiff's accusations of wrongdoing would amount to defamation *per se*.  However, the potential defamation claim is not before this Court and if Client A's testimony is shown to be relevant, he will not be permitted to shield his identity merely to advance his privacy interests.

Defendants and Client A have not advanced an explanation for differentiated treatment for Client A and the absence of any explanation may cause jury confusion and concern on a peripheral issue.

5

**Defendants' Motion *in Limine* 1 is Granted in Part and Denied in Part**

Defendants' first motion *in limine* concerns the date from which Plaintiff may calculate back pay. The Second Circuit has held that plaintiffs are not entitled to back pay "to the extent they "fail[] to remain in the labor market" because they "may not simply abandon [their] job search and continue to recover back pay." *Kirsch v. Fleet Street*, 148 F.3d 149, 168 (2d Cir. 1998).

Here, the last document showing Plaintiff looked for work is in October 2010. In her deposition she testified that she continued to seek employment through December 2011. Her claims for back pay will end at the date at which the jury determines she stopped actively applying for jobs and seeking employment. Merely maintaining contact with industry professionals will not suffice, and hearsay evidence regarding her search for employment offered for the truth of out of court statements will not be permitted. At that date, back pay will cease because Sharkey "made no reasonable efforts to seek such employment" when she was still capable of employment and failed to mitigate

6

her damages.  *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2d Cir. 1998).

Plaintiff also seeks front pay, which is awarded "where reinstatement is inappropriate and the plaintiff has been unable to find another job."  *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1182 (2d Cir. 1996).  However, that concept is inapplicable here as Plaintiff could have found a job had she conducted a more thorough search than applying to jobs between her termination and October 2010 with additional contacts to industry professionals in 2011.  Plaintiff has also not made any showing that reinstatement is not possible.  Evidence of front pay will not be permitted.

**Defendants' Motion *in Limine* 2 is Denied**

Defendants' second motion *in limine* concerns whether Plaintiff may provide evidence regarding her speculative bonuses, benefits, or salary increases.  Defendants' motion is denied.  Plaintiff can make any claims for back pay and may try to convince the jury that she is deserving of these additional categories of pay.  However, this calculation of back pay will only be permitted through the last date at which Plaintiff

7

applied for a job or can demonstrate through non-hearsay evidence that was actively seeking employment.

**Defendants' Motion *in Limine* 3 is Denied**

Defendants' third motion *in limine* seeks to have the Court determine the amount of damages instead of the jury. Previous decisions in this District have allowed juries to determine the calculation of compensatory back pay, but the Court has determined equitable relief in Sarbanes-Oxley Act of 2002 ("SOX") whistleblower cases. See *Perez v. Progenics Pharm., Inc.*, No. 10 Civ. 08278 (LAP), 2016 WL 4533398, at *14 (S.D.N.Y. Aug. 30, 2016). Here, the same rule will be applied. The jury will be asked to determine the proper amount of back pay based on when Plaintiff stopped actively applying for jobs and searching for work. The Defendants' motion is denied.

**Defendants' Motion *in Limine* 4 is Denied**

Defendants' fourth motion *in limine* seeks to prohibit Plaintiff from introducing evidence regarding reputational damage, harm to career, and emotional distress. Defendants cite *Perez v. Progenics Parm., Inc.* for the proposition that it was proper in a motion *in limine* to "preclud[e] evidence regarding

8

damages for loss of reputation, emotional distress, depression, and psychological injuries" because those conditions were "not covered under Sarbanes-Oxley." 2015 WL 10846076, at *2 (S.D.N.Y. Apr. 2, 2015). However, this decision is not consistent with the majority of authority in this area. More recently, the Honorable William H. Pauley III held that "With respect to damages for emotional distress, every circuit court to address the issue holds that such damages may be recoverable pursuant to SOX's language stating that a prevailing employee 'shall be entitled to all relief necessary to make the employee whole.'" *Feldman-Boland v. Stanley*, No. 15 Civ. 6698, 2016 WL 3826285, at *6 (S.D.N.Y. July 13, 2016) (citing the statutory language). Consistent with the reasoning in *Feldman-Boland*, other Courts have found that reputational injury is also compensable under SOX. "When reputational injury caused by an employer's unlawful discrimination diminishes a plaintiff's future earnings capacity, [she] cannot be made whole without compensation for the lost future earnings [she] would have received absent the employer's unlawful activity." *Mahony v. KeySpan Corp.*, No. 04 CV 554 (SJ), 2007 WL 805813, at *7 (S.D.N.Y. March 12, 2007).

9

However, the admissibility of any particular evidence advancing this theory has not been the subject of consideration on this motion. Accordingly, these categories of evidence will be admissible at trial, though only if presented through otherwise admissible evidence. Defendants' motion *in limine* 4 is denied.

**Defendants' Motion *in Limine* 8 is Granted**

Defendants' eighth motion *in limine* seeks to preclude Plaintiff from introducing Exhibits 210, 211, and 222 as well as any other evidence of settlements, investigations, reports, orders, or other lawsuits. Defendants seek to preclude these documents on the basis that under Federal Rule of Evidence 403 "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. Any probative value would be far outweighed by the risk of confusion and prejudice by introducing settlements and consent orders from other unrelated cases. This is particularly true because of the risk of prejudice by Plaintiff introducing an unrelated document describing issues JPMC experienced in connection with the Bernie Madoff fraud.

10

## Conclusion

Based on the findings and conclusions set forth above, Client A and Defendants' motion to protect Client A's identity and quash his trial subpoena is granted in part and denied in part. Defendants' five unresolved motions *in limine* are granted in part and denied in part.

It is so ordered.

New York, NY
January 26, 2017

_____
ROBERT W. SWEET
U.S.D.J.

11