**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------- X
JENNIFER SHARKEY,                                   :
                                                    :
                            Plaintiff,              :     Civil Action No.: 10-cv-3824 (RWS)
                                                    :
              v.                                    :
                                                    :
J.P. MORGAN CHASE & CO., JOE KENNEY,   :
ADAM GREEN, and LESLIE LASSITER, in    :
their official and individual capacities,          :
                                                    :
                            Defendants.             :
--------------------------------------------------------------- X

## AFFIDAVIT OF JENNIFER SHARKEY

I, Jennifer Sharkey, submit this sworn affidavit in support of my motion for a different

judge to be assigned to this matter pursuant to 28 U.S.C. §§ 144 and 455:

1.      I am the Plaintiff in the above-captioned action. I am a former Vice President

and Private Wealth Manager at Defendant J.P. Morgan Chase & Co. ("JPMC"), and I have

personal knowledge of the facts set forth herein.

2.      As I understand it, on or around December 12, 2013, the Court dismissed my case

on summary judgment by applying an overly stringent standard that the Court had previously

recognized was an improper standard to apply when determining whether a plaintiff has engaged

in protected activity under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("SOX"). The

fact that the Court applies a standard that it had already recognized was inappropriate and overly

stringent in order to dismiss my case leads me to believe that the Court is biased against me

and/or in favor of Defendants.

3.      As I understand it, on or around October 9, 2014, the Second Circuit Court of

Appeals reversed the Court's December 12, 2013 dismissal of my case because the Court

1

applied the incorrect standard in determining that I had not engaged in protected activity under SOX.  As I understand it, on or around October 9, 2015, despite the clear message sent by the Second Circuit that my case should proceed to trial, the Court yet again dismissed my case on summary judgment.  I believe this evinces bias against me and/or in favor of Defendants.

4.      I believe that the Court's second summary judgment decision misstated the facts of my case, resolved factual disputes in favor of Defendants, and drew inferences in Defendants' favor.  I understand that all of these actions by the Court are inappropriate at the summary judgment stage and, thus, I believe that the Court's second decision granting summary judgment evinces bias against me and/or in favor of Defendants.

5.      As I understand it, on or around September 29, 2016, during a pretrial court conference, Your Honor put his hand over his face, closed his eyes and said, "I would do anything to get rid of this case."  I believe that this statement provides context for the Court's previous dismissals of my case – as well as its subsequent actions – and further evinces bias against me and/or in favor of Defendants.

6.      As I understand it, on or around December 23, 2016, the Court granted Defendants' motion to amend their Answer to add an affirmative defense that was required, by law, to be asserted five years prior, but was not due to an apparent law office failure.  As I understand it, the Court's decision: (i) disregarded its own prior orders regarding the timing of motions; (ii) addressed virtually none of our arguments; (iii) did not analyze Defendants' motion under the appropriate standard, and instead, without any basis for doing so, analyzed Defendants' motion under a far less stringent standard; (iv) incorrectly applied the inappropriate standard that was used, rendering it even more lenient; and (v) made no mention of the fact that Defendants

2

never once explained their failure to amend earlier. I believe this decision evinces bias against me and/or in favor of Defendants.

7.      As I understand it, on or around January 17, 2017, my attorneys appeared for an oral argument before Your Honor regarding 14 pending motions *in limine* and other pretrial disputes. I understand that, shortly before the oral argument, my attorneys were told that January 17, 2017 was Your Honor's first day back from holiday vacation, and that the Court had not yet read the papers filed in connection with the motions *in limine*. I came to learn that my attorneys were then asked to provide the Court with a copy of the papers, which had previously been provided and are, in total, approximately five inches thick. As I understand it, very shortly after my attorney provided additional copies of the papers, Your Honor took the bench and began making rulings and preliminary rulings despite apparently having not read the papers; indeed, as I understand it, it appeared that the Court was making rulings based solely on the titles of the motions, which were listed in a letter we filed the night before. I also learned about the various rulings that were handed down, most of which – and, in particular, the rulings most likely to affect my chances of success and recovery – were favorable to Defendants. For example, Your honor ruled: (i) that the Court, rather than a jury, would determine my back pay award, yet provided no rationale for his decision; (ii) that I am not entitled to front pay under SOX, which is directly contrary to law; (iii) that I may not recover damages for emotional distress or reputational harm, which is, again, contrary to law; and (iv) that I could not introduce into evidence a deferred prosecution agreement in which Defendant J.P. Morgan Chase & Co. makes several admissions regarding the Know Your Customer, or "KYC" process, which lies at the heart of my case. I believe that these rulings and others made by the Court during the January 17, 2017 conference evince bias against me and/or in favor of Defendants.

8.      I also understand that, at the same conference, Your Honor acknowledged that defense counsel was engaged in "gamesmanship" but refuse to admonish them in any way. I believe this evinces further bias against me and/or in favor of Defendants.

9.      I also understand that, during the January 17, 2017 conference, the Court ruled that Defendants and their attorneys need not comply with subpoenas my attorneys served on them seeking communications between Defendants (and/or their attorneys) and Client A (and/or his attorneys). The Court even went so far as to decline my counsel's request for Your Honor to review responsive documents *in camera* to determine whether they may be relevant to this matter. I believe that this conduct evinces bias against me and/or in favor of Defendants.

10.     I also understand that, during the same conference, the Court postponed the trial of this action, which was set to begin six days later, on January 23, 2017. See Declaration of Douglas H. Wigdor in support of the instant motion, Ex. A at 2:10-23. I have been waiting for seven years to have my day in Court, and I know my attorneys and I had spent significant time preparing for trial. I believe that this conduct evinces bias against me and/or in favor of Defendants.

11.     During the January 17, 2017 conference, my attorneys suggested assigning this case to another judge so that my trial could finally begin on January 23, 2017, but the Court dismissed the notion outright and Your Honor stated, "I wouldn't wish this case on my worst enemy." I believe that this statement evinces contempt for my case. It also puts into context the Court's various rulings against me, described above.

12.     I believe that there is no legitimate reason that another judge could not have tried this case, and the Court's failure to even consider this alternative suggests that the Court does not intend for this case to go to trial at all. Indeed, Your Honor actually stated at the January 17,

4

2017, "I've lived with [the case] and I suppose I can say I'll probably die with it." I believe that this statement evinces bias against me and/or in favor of Defendants.

13.     On January 26, 2017, my attorneys submitted on my behalf a pre-motion conference letter in anticipation of the instant motion, in which they explicitly requested that the Court refrain from issuing any written decision regarding the parties' motions *in limine* until this matter is resolved so that we have the opportunity to respond to additional argument submitted by Client A, and to further supplement our arguments on the respective motions. However, as I understand it, two hours later, and after considering only the additional arguments presented by Client A's counsel, the Court issued a decision as to the outstanding motions *in limine* without giving my attorneys the opportunity to respond, as was specifically requested. I believe that this decision evinces bias against my and/or in favor of Defendants.

14.     I believe that the rulings in the January 26, 2017 opinion demonstrate further bias against me and/or in favor of Defendants. By way of example, at the parties' January 17, 2017 pretrial conference, the Court initially ruled that Client A's identity would be disclosed in the context of this trial, recognizing his relevance to the case and that he has no enforceable right to secrecy. However, after reviewing a letter from Client A's attorney, Jacques Semmelman, Esq., and ignoring my request that the Court hold in abeyance any written opinion, Your Honor's decision effectively rescinded the Court's previous decision and stated that we would have to establish that Client A is relevant in order to use his name. However, the Court had already recognized that Client A is relevant and Your Honor has presided over my case for nearly seven years and the parties have filed myriad submissions concerning Client A. I believe that the Court's apparent change of heart on this matter evinces bias against me and/or in favor of Defendants.

15.     Further, whereas the Court had already determined that the jury would be confused by the use of pseudonyms at trial, the January 26, 2017 decision would require that pseudonyms be used until some point in the middle of trial, thereby exacerbating the confusion previously recognized by the Court. I also understand that the Court's January 26, 2017 opinion did not address the issue of whether the documents that contain the name of Client A or any of his many companies would have to be redacted, presumably forcing the parties to use redacted documents until some point in the middle of trial, when my attorneys demonstrate that Client A's testimony is relevant, at which point the parties will switch over to unredacted documents. Finally, after already holding that Client A has no enforceable right to secrecy, Your Honor now is apparently providing such a right, for a time, to Client A, to my direct detriment. Again, I believe that the Court's apparent change of heart on this matter evinces bias against me and/or in favor of Defendants.

16.     As I understand it, the Court's January 26, 2017 opinion also effectively held that I failed to mitigate my damages after December 2011 because I "made no reasonable efforts to seek such employment." First of all, I vigorously dispute this contention by Defendants. Moreover, as I understand it, the failure to mitigate defense is an *affirmative defense* for which Defendants bear the burden. Nonetheless, Your Honor essentially decided ahead of trial that Defendants had somehow met their burden of proving this defense. I believe that this decision evinces bias against my and/or in favor of Defendants.

17.     Lastly, as I understand it, while the Court's January 26, 2017 written decision reconsidered and/or reversed the scarce oral decisions initially favorable to me, it nonetheless reaffirmed all of the negative ones, including the decisions to: (i) deny me the right to assert damages for front pay based on a completely improper reading of the law for which Defendants

never even advocated; and (ii) preclude me from introducing a document containing a host of admissions by JPMC regarding its KYC processes.  The fact that the Court has stayed the course on these erroneous decisions even after reviewing the law leads me to believe that the Court is biased against me and/or in favor of Defendants.


Dated: March 20, 2017
      New York, New York

                                                                JENNIFER SHARKEY

Sworn to before me this
20 day of MARCH        , 2017


NOTARY PUBLIC

EUGENIA ARIAS
Notary Public - State of New York
NO. 01AR6321017
Qualified In Kings County
My Commission Expires Mar 16, 2019