UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

JENNIFER SHARKEY,

           Plaintiff,

    -against-

J.P. MORGAN CHASE & CO., JOE KENNEY,
ADAM GREEN, and LESLIE LASSITER, in
their official and individual
capacities,

           Defendants.

----------------------------------------X

10 Civ. 3824

OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiff

    WIGDOR LLP
    85 Fifth Avenue
    New York, NY 10003
    By:  Douglas H. Wigdor, Esq.
         Lawrence M. Pearson, Esq.
         Michael J. Willemin, Esq.

    Attorneys for Defendants

    ARNOLD & PORTER LLP
    399 Park Avenue
    New York, NY 10022-4690
    By:  Michael D. Schissel, Esq.
         Kathleen A. Reilly

**Sweet, D.J.**

Plaintiff Jennifer Sharkey ("Plaintiff" or "Sharkey") has moved pursuant to 28 U.S.C. §§ 144 and 455 for recusal and reassignment of this action to another judge. Defendants J.P. Morgan Case & Co. ("JPMC"), Joe Kenney ("Kenney"), Adam Green ("Green") and Leslie Lassiter ("Lassiter") (collectively, the "Defendants") oppose the motion. Upon the findings and conclusions set forth below, Plaintiff's motion is denied.

**Prior Proceedings**

The parties are familiar with the prior proceedings, including the motions to dismiss, motions for summary judgment, and other motions since the case was filed in this Court on May 10, 2010.

This motion was first initiated by Plaintiff's January 26, 2017 letter requesting a conference to discuss the Court's bias against the Plaintiff in order to "not draw further attention to this matter." The letter was treated as a motion to reassign the case, was fully briefed and heard on March 2, 2017. On that date, Plaintiff requested an adjournment to file a more formal

1

motion under 28 U.S.C. §§ 144 and 455, which was heard and marked fully submitted on April 12, 2017.

**Applicable Standard**

> Under 28 U.S.C. § 144:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The text of Section 144 establishes that another district court judge shall be assigned to hear the matter if the movant establishes that the motion is timely and the party's affidavit is sufficient. The district judge whose personal bias or prejudice is in question "must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." *Williams v. New York City Housing*

2

*Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting *Rosen v. Sugarman*, 357 F.2d 794, 797 (2d Cir. 1966). "To be legally sufficient under Section 144, an affidavit must show 'the objectionable inclination or disposition of the judge' [and] it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 171 (S.D.N.Y. 2004) (quoting *Rosen*, 357 F.2d at 798 (quoting *Berger v. United States*, 255 U.S. 22, 33-35 (1921)).

Under 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Second Circuit applies this standard by asking whether "'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, whether 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citations omitted)).

3

**Plaintiff's Affidavit Fails to Meet the Requirements under Section 144**

This Court must determine whether the Plaintiff's affidavit is sufficient under Section 144.  "Only after a judge finds that the facts asserted establish a legally sufficient claim of personal bias or prejudice must the mandate of section 144 be followed that such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." *United States v. International Business Machines Corp.* ("IBM"), 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979), *aff'd*, *In re International Business Machines*, 618 F.2d 923 (2d Cir. 1980). For the reasons that follow, Plaintiff's affidavit under Section 144 fails to meet the required standard.

Defendants make two arguments regarding why the Plaintiff's affidavit is insufficient:  it is untimely and the affidavit does not allege the actual bias required by the statute.

First, Defendants argue that the motion is untimely because some of the decisions it challenges concern dispositive motions that this Court decided as early as 2013, 2014, 2015, and 2016. However, Plaintiff argues that this application is timely

4

because Plaintiff's January 26, 2017 letter motion was based, in large part, on two comments made by the Court during a January 17, 2017 argument. Subsequent letters and the formal motion papers submitted on March 20, 2017 take issue with the January 26, 2017 opinion, in which Defendants prevailed on some of the motions and Plaintiff prevailed on several other motions. However, the motion also concerns opinions going back several years.

There are concerns that this motion under Section 144 is untimely because here the Plaintiff formed the belief that the Court was biased against her because "recent decisions and orders by the court have caused them only now to reach an awareness that prior actions of the court were due to bias or prejudice." *IBM*, 475 F. Supp. at 1379. While Plaintiff's affidavit raises "'the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters,'" *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 154 (S.D.N.Y. 2012) (quoting *In re IBM Corp.*, 45 F.3d 641, 643 (2d Cir. 1995)), ultimately this motion is timely because Plaintiff filed her letter after the allegedly prejudicial comments and initial oral

5

rulings, but very shortly before the Court's written decision about those claims was docketed on the same day.

However, the September 2016 comment was untimely, as discussed in the Section 455 analysis below. While there are concerns that January 17, 2017 comments were not the reason Plaintiff formed the belief that earlier written decisions on other issues demonstrated bias, Plaintiff did raise this motion just over a week after the comments, making her motion timely with respect to those comments. *LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007), cert. denied, 552 U.S. 1010 (2007) (finding a motion untimely when it was filed *after* the Court's decision was issued).

Next, Defendants argue that Plaintiff's affidavit under Section 144 is facially insufficient to show the Court "has a personal bias or prejudice" against her. "The requirement of legal sufficiency [under Section 144] has been interpreted to mean a judge must rule whether the reasons and facts stated in the affidavit 'give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *IBM*, 475 F. Supp. at 1379 (S.D.N.Y. 1979) (quoting *Berger v. United*

6

*States*, 255 U.S. at 33-34). Further, the affidavit "must show a true personal bias, and must allege specific facts and not mere conclusions or generalities." *IBM*, 475 F. Supp. at 1379. "Moreover, the judge is presumed to be impartial and a substantial burden is imposed on the affiant to demonstrate that such is not the case." *Id.*

"Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). The Supreme Court has articulated that for Section 144 cases, "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). It is undisputed that the affidavit does not allege an extrajudicial source of prejudice in this case. However, there is an exception to the extrajudicial source rule for comments by the judge that reveal "such a high degree of favoritism or

7

antagonism as to make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 556 (1994).

Here the allegations in the affidavit concern three "surrounding comments" which Plaintiff argues "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id.* at 555.  The Supreme Court in *Berger v. United States* found that a District Court judge demonstrated bias when, in a World War I espionage case against German-American defendants, the judge stated, "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Berger v. United States*, 255 U.S. 22, 28 (1921).

However, the comments in this case fall short of the burden Plaintiff must meet and the high degree of "antagonism as to make fair judgment impossible" as exhibited in *Berger*.  *Liteky*, 510 U.S. at 556.  The three extrajudicial comments made in this case:  (1) "I would do anything to get rid of this case;" (2) "I wouldn't wish this case on my worst enemy;" and, (3) "I've lived with [the case] and I suppose I can say I'll probably die with it" do not establish bias against the Plaintiff.  As the Supreme

8

Court held in *Liteky*, comments such as the ones in this case are merely "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky*, 510 U.S. at 555-56. In context, these comments were attempts at humor with counsel in dealing with complex issues surrounding scheduling for what has been a complicated, intensely litigated case that has involved issues difficult to resolve for seven years.

The latter two comments occurred after Plaintiff's counsel suggested reassigning the case to another district court judge because there was a conflict with the Court's calendar for the scheduled date of January 26, 2017. As this is a complicated case involving a long history of motion practice, I did not want to place the burden of trying a two-week trial on a colleague on one week's notice. Further, Plaintiff's counsel during the same colloquy noted that he was not available for the second half of the second week of the scheduled trial, which meant the case

9

could not have been tried by another judge starting on the original dates. The "expressions of impatience" concerning the resolution of longstanding and difficult litigation fall far short of the required "antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. The reluctance to reassign was not directed at the Plaintiff but rather at the imposition of a difficult burden on a brother or sister judge. My remark was regrettable but not prejudicial.

Plaintiff's motion under Section 144 is denied because the affidavit is facially insufficient to allege the required bias and prejudice.

## Plaintiff's Affidavit Fails to Meet the Standard under Section 455

Under 28 U.S.C. § 455(a), a judge shall disqualify himself if "his impartiality might reasonably be questioned." The Second Circuit applies this standard by asking whether "'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citations omitted)). "Section 455(a)

10

requires a showing that would cause 'an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would be done absent recusal.'" *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (quoting *United States v. Lovaglia*, 954 F.2d at 815). As much as a district judge is required to recuse themselves if they are biased, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201.

Here, Plaintiff raises two categories of bias that she claims the district court has demonstrated. The Court made several comments discussed above that raised concerns with the Plaintiff that the Court's previous decisions had been based on the bias and prejudice displayed in the several comments.

Plaintiff also takes issue with two summary judgment opinions, the motions *in limine* that were not decided in Plaintiff's favor, and a decision to allow Defendants to amend their pleading in order to add an affirmative defense. However, "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality," *Chen*

11

*v. Chen Qualified Settlement Fund*, 552 F.3d at 227, and "only in the rarest circumstances evidence the degree of favoritism or antagonism required," *Liteky*, 510 U.S. at 555. The rulings in this case are not reasonable grounds for questioning the Court's impartiality. Plaintiff points to the Second Circuit's rulings as proof of bias. However, the Second Circuit's first ruling noted that, "In the time since the district court issued its opinion, we have discarded this standard as too strict." 580 F. App'x 28, 29 (2d Cir. 2014). The Circuit's opinion was not "a clear message" that the district court was biased as the Plaintiff claims, but demonstrated that in the interim time period, the Circuit had changed the applicable standard.

Plaintiff believes that this is a rare case in which an adverse decision is proof of bias because the Court allowed Defendants to amend their answer. The opinion weighed whether to apply one of two conflicted legal standards, whether the motion was governed by Federal Rule of Civil Procedure 15(a)(2) to amend a pleading or a motion to modify the Court's February 15, 2013 scheduling order, governed by Rule 16(b)(4). Plaintiff did not move for reconsideration. The decision to consider the motion to amend Defendants answer under Rule 15(a)(2) is an

12

example of why "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d at 227.

Plaintiff also raises the possibility that the Court's motion *in limine* written opinion is evidence of bias and prejudice. That opinion resolved six motions that had not been finally decided from the bench. The Plaintiff concludes bias with the three motions that it lost, though does not account for the other three motions discussed in that opinion. An "objective, disinterested observer" would not find that recusal was necessary in this case in order for justice to be accomplished. *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)

In addition to the perceived bias from written decisions, Plaintiff argues that the three comments discussed above necessitate recusal under Section 455(a) because they demonstrate that the Court's "impartiality might reasonably be questioned." However, the Court's oral comments in this case do not meet that standard. Judicial remarks "that are critical or disapproving of, or even hostile to, counsel, the parties, or

13

their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555.

As discussed under Section 144, the three extrajudicial comments made in this case, though mistakenly made, uniformly and without reflection, do not demonstrate bias against the Plaintiff but rather frustration at irresolution of the action.

The first comment was made during a pretrial conference on September 29, 2016, approximately four months before Plaintiff made her motion for recusal. The comment "I would not wish this case on my worst enemy" is an overstatement of the difficulties presented and an unfortunate hyperbole. It was not directed at either party as the source of the frustration with a seven-year case with many motions, and not equal to stating about a German American litigant that all German Americans' hearts "are reeking with disloyalty." *Berger v. United States*, 255 U.S. at 28. The difference between the comments in *Berger* from this case is that one speaks to general frustration, and the other describes actual prejudice against a particular litigant.

14

The second comment that "I would do anything to get rid of this case" also expressed frustration with the case and not prejudice against a particular party.

Likewise, the third comment does not amount to a statement enabling a reasonable person to question the Court's impartiality, only his age.  It speaks to the number of motions filed by both parties and the delay in completing this case. The comment does not on its face raise any animus or prejudice against either party, which distinguishes this comment from *United States v. Antar* in which the district judge "in stark, plain and unambiguous language, told the parties that his goal in the criminal case, from the beginning, was something other than what it should have been."  53 F.3d 568, 576 (3d Cir. 1995), *overruled on other grounds*, *Smith v. Berg*, 247 F.3d 552 (3d Cir. 2001).  The comments, though unfortunately informal, do not call into question impartiality because the comments do not favor one party over the other.

15

**Conclusion**

I have been a United States District Court Judge for 39 years. Impartiality and the appearance of impartiality are required to resolve difficult competing claims and to seek just result. This standard applies in all cases, including this one.

Based on the findings and conclusions set forth above, Plaintiff's motion to reassign the case under 28 U.S.C. §§ 144 and 455 is denied.

It is so ordered.

**New York, NY**
**April 14, 2017**

ROBERT W. SWEET
U.S.D.J.

16