**ARNOLD & PORTER**
**KAYE SCHOLER**

Michael D. Schissel
+1 212.836.8240 Direct
Michael.Schissel@apks.com

October 26, 2017

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15B
New York, NY 10007-1312

    Re:    <u>Sharkey v. J.P. Morgan Chase & Co., et al.</u>, No. 10 Civ. 3824 (DLC)

Dear Judge Cote:

    Defendants respectfully submit this letter in response to Plaintiff's October 24, 2017 letter opposing Defendants' request that the Court quash trial subpoenas Plaintiff served or may serve on former and current employees of JPMorgan Chase & Co. ("JPMC"):  Janice Barnes, Veronica Bertrand, Patrice O'Malley, Corey Pettus, Michael Spogli, Scott Goodrich, and Lu Ann Bowers.

    *First*, Plaintiff's October 24 letter ignores JPMC's central argument:  these witnesses were not involved in the decision to terminate Plaintiff's employment, and have no testimony relevant to whether Plaintiff reasonably believed Client A was violating an enumerated statute in the whistleblower provision of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A.  Plaintiff has no good response to that argument.

    Instead, Plaintiff argues that the seven witnesses will "contradict" Defendants' arguments that (i) Plaintiff did not make sufficient efforts to obtain the few missing documents from Client A, and (ii) Defendants easily obtained those documents after Plaintiff was terminated.  But Plaintiff is the only person competent to testify about the efforts *she* undertook and *none* of the seven witnesses was involved in obtaining the missing documents after JPMC terminated Plaintiff.

    *Second*, Plaintiff does not dispute JPMC's argument that Plaintiff originally planned to call these witnesses to testify about eight documents (Plaintiff's Exhibits 15, 16, 17, 18, 19, 47, 63, and 64).[1]  *See also* Dkt. No. 267 at 24.  But those exhibits *pre-date* Plaintiff's involvement with Client A and, therefore, they are irrelevant to what Plaintiff reasonably believed.

    *Third*, apparently acknowledging that these documents are irrelevant and insufficient to compel the testimony of additional witnesses, Plaintiff now cites to many

---

[1]    Plaintiff's Exhibit 72, included on the prior list of stipulations, simply discusses scheduling a meeting and makes no reference to Plaintiff.



The Honorable Denise L. Cote
October 26, 2017
Page 2

more documents on which the witnesses' names appear.  But the mere presence of a name on a document does not render testimony or documents relevant.  Some of these new documents *pre-date* Plaintiffs' involvement with Client A and, like the original documents, are irrelevant.  *See* Plaintiff's Exhibits 10, 40, 55, 56, 58, 62, 65, 66, 67, 69, 73, 76.  Some of the documents are dated during the period that Plaintiff was involved with Client A, but are emails on which Plaintiff was not copied.  *See* Plaintiff's Exhibits 80, 93, 97.  Therefore, they could not provide a basis for Plaintiff's supposed reasonable belief.  If the content of those documents was communicated to Plaintiff and it provided a basis for her belief, then Plaintiff can so testify.  Other witnesses are not competent to testify to Plaintiff's state of mind with regard to Client A.

Only five of the new exhibits in Plaintiff's letter include Plaintiff as either a recipient or sender.  *See* Plaintiff's Exhibits 94, 96, 103, 113, 133.  The parties have already stipulated to the admissibility of four of them, *see* Dkt. No. 267 at 34 (Plaintiff's Exhibits 94, 96, 103, and 113 are Defendants' Exhibits 101, 186, 185, and 111, respectively), and Defendants are willing to stipulate to the fifth -- Plaintiff's Exhibit 133, which is Defendants' Exhibit 151.

*Fourth*, Plaintiff does not explain why reading designations from Ms. Gruszczyk's deposition at trial requires Plaintiff to seek trial testimony from Ms. Barnes.  In ruling on objections to the Gruszczyk deposition designations, the Court has already sustained objections to testimony about communications between Ms. Gruszczyk and Ms. Barnes to which Plaintiff was not a party.  *See* Dkt. No. 268 at 2 (sustaining Defendants; objections to Transcript of Kathleen Gruszczyk, dated February 8, 2013, at 98:19-99:5, 101:22-102:4).  Such testimony is irrelevant to any alleged reasonable belief Plaintiff had with regard to Client A.

For these reasons, the subpoenas should be quashed.  Defendants appreciate Your Honor's consideration of this matter.

                                            Respectfully Submitted,

                                            /s/ Michael D. Schissel

cc:    Douglas H. Wigdor, Esq.   (*via ECF*)
        Michael J. Willemin, Esq. (*via ECF*)