# ARNOLD & PORTER
# KAYE SCHOLER

**Michael D. Schissel**
+1 212.836.8240 Direct
Michael.Schissel@apks.com

October 29, 2017

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15B
New York, NY 10007-1312

      Re:    *Sharkey v. J.P. Morgan Chase & Co., et al.*, No. 10 Civ. 3824 (DLC)

Dear Judge Cote:

      At 12:30 pm today (less than 24 hours before trial begins), Plaintiff's counsel sent Defendants a letter setting forth—for the *first* time in this seven-year-old litigation—a calculation of Plaintiff's alleged damages. *See* Exhibit A. As explained below, Plaintiff's failure to provide a calculation of damages has been the subject of motion practice, yet Plaintiff failed to provide a calculation until today. We respectfully ask the Court to preclude this calculation from submission to the jury.

      **Background.** On October 11, 2011, Plaintiff served Rule 26(a) Initial Disclosures that disclosed Plaintiff was seeking back pay damages of $450,000 through August 2012, and noted that lost benefits, bonus, and salary increases would be "determined at trial." *See* Dkt. No. 147, Ex. A at 14-15. On October 24, 2011, Plaintiff responded to Defendants' interrogatories seeking a calculation and support for any damages Plaintiff may be seeking by merely referring to her Initial Disclosures. *See* Dkt. No.147, Ex. B at 9. Plaintiff never amended her discovery responses and never produced documents to support any alleged damages. On this basis, Defendants sought to preclude Plaintiff from presenting evidence of her back pay damages at trial pursuant to Rule 37(c)(1). *See* Dkt. No. 146 at 2-3, 6-9. On January 9, 2017, Defendants submitted a motion *in limine* regarding Plaintiff's claimed damages, highlighting, among other things, her failure to comply with discovery obligations on damages. *See* Dkt. No. 146 at 6-9; *see also* Dkt. No. 186 at 1-5.[1] In ruling on Defendants' motion, the Court did not address the Rule 37 argument. *See* Dkt. No. 204; *see also* Dkt. No. 202.

      Plaintiff has waited until today to provide a back pay damages theory at least double the original theory reflected in her 2011 disclosures. She also waited until today to provide a summary of her theory of back pay, lost benefits, and bonus damages that she intends to request at trial, as well as to seek recovery of insurance premiums Plaintiff

---

[1] Defendants had previously raised the issue of Plaintiff's failure to provide a damages calculation in connection with their motion for leave to amend their answer on December 13, 2016. *See* Dkt. No. 130 at 1, 2-3, 4.



The Honorable Denise L. Cote
October 29, 2017
Page 2

supposedly has incurred since April 2011. Plaintiff has never before disclosed this information, and has never produced any documents or other information to support it other than what the Defendants produced related to her historic compensation. It is highly prejudicial and unfair to surprise Defendants with this disclosure at this late date. Plaintiff's arguments to the contrary are meritless.

*First*, demands by Plaintiff's counsel in connection with or at a mediation in 2016 do not satisfy Plaintiff's discovery obligations, and are inadmissible under Federal Rule of Evidence 408.

*Second*, Defendants believe the "newly produced documents" referenced in Plaintiff's counsel's letter is a single page from Ms. Lassiter's notebook, which Plaintiff added as Plaintiff's Exhibit 271. *See* Exhibit B. However, Plaintiff does not identify which documents she based her theory on or explain how they are relevant. This certainly does not excuse Plaintiff's failure to meet her discovery obligations on damages over the past seven years.

*Third*, last night, Plaintiff's counsel asked Defendants to produce information regarding Plaintiff's historic equity grants. Defendants produced that information in October 2012, *more than five years ago*. Clearly, Plaintiff and her counsel waited until last night to assemble a damages theory for this seven-year-old case.

Plaintiff should be precluded from presenting any of this evidence at trial. Plaintiff had an obligation to "supplement[] and amend[ ] her computation *if it changes materially* [ ]." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013). Not only has Plaintiff never responded to Defendants' discovery requests on damages, but Plaintiff's only disclosure on back pay was in her Initial Disclosures in October 2011 ($450,000). Plaintiff's theory has obviously changed, and Defendants should not have to learn about it the day before trial. That violates all notions of fairness.

Defendants appreciate Your Honor's consideration of this matter.

                                                   Respectfully Submitted,

                                                   /s/ Michael D. Schissel

cc:    Douglas H. Wigdor, Esq. (*via ECF*)
        Michael J. Willemin, Esq. (*via ECF*)

# EXHIBIT A



**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

October 29, 2017

**VIA EMAIL**

Michael D. Schissel, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

  Re: Sharkey v. J.P. Morgan Chase & Co. et al.; No. 10 Civ. 3824 (DLC)

Dear Michael,

We write in response to the issue you raised during the October 27, 2017 conference about our damages calculation.

In connection with the November 20, 2017 mediation, we provided Defendants with our economic damages analysis. However, just last week, new documents were produced that have an impact on our damages calculation. Based on this newly discovered evidence, we believe that Ms. Sharkey's total compensation for 2009 (including base salary, cash bonus and equity bonus) would have equaled approximately $335,000 ($135,000 in base compensation and $200,000 in cash/equity bonus compensation). Assuming a modest 3% increase in total compensation each year, Ms. Sharkey's back pay damages through trial are calculated as follows:

| Year | Projected JPMC Compensation | Mitigation | Shortfall |
|---|---|---|---|
| **2009** | $335,000 | $115,000 (JPMC comp. through term.) | $220,000 |
| **2010** | $345,050 | $0 | $345,050 |
| **2011** | $355,401 | $0 | $355,401 |
| **2012** | $366,063 | $0 | $366,063 |
| **2013** | $377,045 | $0 | $377,045 |
| **2014** | $388,356 | $0 | $388,356 |
| **2015** | $400,006 | $0 | $400,006 |
| **2016** | $412,006 | $0 | $412,006 |
| **2017** | $424,367 | $0 | $424,367 |
| **Total** | $3,403,294 | $115,000 | $3,288,294 |



In addition, Ms. Sharkey will seek $137,000 in connection with her need to purchase medical insurance following her termination. While employed, Ms. Sharkey paid only approximately $150 per month for medical insurance. After her COBRA ran out in approximately April 2011, Ms. Sharkey spent $1,200 per month for medical insurance for 20 months. Starting in Early 2013, Ms. Sharkey began paying $2,500 per month, and paid this amount for approximately 50 months. Starting in March of this year, Ms. Sharkey's premium rose to $2,800 per month. Ms. Sharkey also will seek approximately $145,000, representing the value of equity awards that were forfeited as a result of her termination.

We have not yet determined the precise figures that we will ask the jury to award Ms. Sharkey for emotional distress and for harm to her reputation. Depending on the testimony elicited at trial, we present the jury with a figure that is $1,000,000 or less for each category. As you know, we will also seek reinstatement. Please let us know if you have any questions regarding this information.

Regards,

Douglas H. Wigdor

cc:   Kathleen A. Reilly, Esq. (*via* email)

# EXHIBIT B

PLAINTIFF'S EXHIBIT P-271

12/15/2009 Comp discussion

- 10% of pool is guidepost
- MD's — 200-250
- VP's — 150-200
- Associates —

ATTORNEYS' EYES ONLY CONFIDENTIAL          JPMC-HC4-000070