**ARNOLD & PORTER**
**KAYE SCHOLER**

Michael D. Schissel
+1 212.836.8240 Direct
Michael.Schissel@apks.com

October 29, 2017

**VIA ECF**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15B
New York, NY 10007-1312

Re:   *Sharkey v. J.P. Morgan Chase & Co., et al.*, No. 10 Civ. 3824 (DLC)

Dear Judge Cote:

This is to respond to those portions of Plaintiff's letter dated today that Defendants have not already responded to in their letters regarding Plaintiff's last-minute damages disclosure and last-ditch effort to inject Madoff into this case.

*First*, it is unclear what Plaintiff's counsel means when he refers to "good corporate citizen" testimony. That being said, Defendants' witnesses will testify (i) about the KYC process generally and with regard to Client A, (ii) that they took their KYC responsibilities seriously, and (iii) Plaintiff was an underperformer when it came to the KYC process. This testimony in no way opens the door to the admissibility of a Deferred Prosecution Agreement in an entirely separate and unrelated matter.

*Second*, Plaintiff's counsel did not explain Defendants' objection to Plaintiff's proposed jury instruction regarding the amount of time that has elapsed since she filed her lawsuit. Defendants believe that there is risk of creating an issue for the jury when none exists; that is, the gap in time must be one of the party's fault if they are being told not to hold it against either party, even though it is unlikely any juror will focus on when Plaintiff filed her lawsuit.

*Third*, Plaintiff's counsel did not explain Defendants' objection to how Plaintiff intends to describe Ms. Marchetti's expertise. It needs to be more specific and accurate. Judge Sweet's October 2013 decision states that Ms. Marchetti is "qualified and able to testify as to the type of transactions which might be subject to concern as an accountant," and that she may testify as to the five red flags in his decision. Judge Sweet also noted in his decision that Ms. Marchetti admitted at her deposition that she has no experience or expertise in a bank's decision to terminate a client, a bank's KYC process, and money laundering or securities fraud matters. *See* Dkt. No. 80 at 8. In any event, Defendants reserve the right to object to Ms. Marchetti's qualifications or the relevance of her testimony depending on how Plaintiff's counsel qualifies her and the content of her testimony.



The Honorable Denise L. Cote
October 29, 2017
Page 2

*Fourth*, Plaintiff's counsel argues that two additional red flags should be added to what Ms. Marchetti is permitted to testify about, even though they are not mentioned in the expert report or Judge Sweet's decision.  There also is no mention of "documents or information" to determine "sources of wealth" or "owners of a company" in Ms. Marchetti's deposition.  Rather, Plaintiff's counsel argues that, because Ms. Marchetti testified that she reviewed certain email exchanges, Defendants' counsel should have reviewed those emails to glean from them additional red flags about which Ms. Marchetti must have been testifying at her deposition.  Ms. Marchetti made repeated references to five items throughout her deposition, which may be why Judge Sweet did not include "sources of wealth" and "owners of a company" in His Honor's list of five red flags derived from the deposition.

Additionally, the parties agreed yesterday to propose the following jury instruction: "During the course of this trial, counsel will show you certain exhibits where boxes appear with the word 'Redacted' in them.  The information behind those boxes relates to other employees or clients of JPMorgan Chase.  Their identities and information have been redacted to protect their privacy.  For the same reason, counsel and I will use substitute names to refer to certain clients of JPMorgan Chase, rather than the actual names of those clients.  These will include substitute names for both individuals and businesses."  This instruction explains to the jury why exhibits are redacted and why alternative names for clients are being used.

Defendants will be prepared to address this further tomorrow.  We appreciate Your Honor's consideration of this matter.

Respectfully Submitted,


/s/ Michael D. Schissel


cc:     Douglas H. Wigdor, Esq.   (*via ECF*)
        Michael J. Willemin, Esq. (*via ECF*)